## MERCHANTS' NATIONAL BANK OF BANGOR *vs.* GLENDON COMPANY.

Suffolk. March 17. — 20, 1876. AMES & MORTON, JJ., absent.

The affidavit of no defence, authorized by the St. of 1874, *c.* 248, § 3, need not set forth that the action is brought for a debt or liquidated demand in money, payable by the defendant.

The Superior Court has authority, independently of the St. of 1874, *c.* 248, to advance a case for speedy trial.

A banking corporation organized under the U. S. St. of 1864, *c.* 106, brought an action, describing itself as the Merchants' National Bank of Bangor, " a corporate body organized under the laws of the United States of America, and having an established place of business at Bangor in the State of Maine; " and, to prove its corporate existence, introduced a certificate of the comptroller of the currency that it had been duly organized, and the testimony of the bookkeeper of a bank in Boston that the Merchants' National Bank of Bangor did a banking business under that name, that he had been in their banking-house in Bangor, was well acquainted with the cashier, and that his own bank was in the habit of receiving remittances from the Merchants' National Bank of Bangor. *Held,* that the evidence was competent to show that the plaintiff was *de facto* a banking corporation and transacting business as such.

CONTRACT upon a promissory note made by the defendant corporation and indorsed to the plaintiff, described in the writ as " a corporate body organized under the laws of the United States of America, and having an established place of business at Bangor in the State of Maine." On November 5, 1875, the plaintiff made and filed the following affidavit under the St. of 1874, *c.* 248, § 3 :

" And now comes the plaintiff in the above entitled action and on oath says that the allegations contained in the declaration filed in said action are true, and that in its belief there is no defence to said action, wherefore it prays that an order may be entered calling on the defendant to show cause why judgment in said action should not be given for the plaintiff."

The action was entered at October term 1875 of the Superior Court and advanced for speedy trial, trial by jury being waived by the parties.

At the trial in the Superior Court, before *Brigham*, C. J., the defendant asked the judge to rule that the action was not properly advanced, because the affidavit of the plaintiff did not set forth that it sought to recover a debt or liquidated demand in

money, payable by the defendant; but the judge refused so to rule.

The plaintiff, for the purpose of proving the existence and organization of the plaintiff corporation, offered a certificate, under the hand and seal of the comptroller of the currency, setting forth that it had been made to appear that "the Merchants' National Bank of Bangor, in the city of Bangor, in the county of Penobscot and State of Maine," had been duly organized, and certifying that it was duly authorized to commence business under the U. S. St. of 1864, c. 106. The defendant objected to the admission of this evidence; but the objection was overruled.

The plaintiff called F. C. Knapp, who testified that he was bookkeeper in the National Bank of Commerce in Boston, and knew that the Merchants' National Bank of Bangor did a banking business under that name ; that he was in Bangor last summer, and went into their banking-house, and was well acquainted with the cashier, and that the National Bank of Commerce was in the habit of receiving remittances from the Merchants' National Bank of Bangor. To this testimony the defendant objected ; but the objection was overruled.

The defendant offered no testimony, and the judge ordered judgment for the plaintiff; and to the foregoing rulings, and refusals to rule, the defendant alleged exceptions.

*E. M. Johnson*, for the defendant. 1. The action was improperly advanced. The right to a speedy trial is limited by the St. of 1874, c. 248, § 3, to actions where the plaintiff seeks merely to recover a debt or liquidated demand in money, payable by the defendant ; the plaintiff must bring himself within the terms of the statute by his affidavit, and in order to do so should state, in the affidavit, the nature of his demand, otherwise it becomes a question for the court to determine, in each case, whether the order shall issue, necessitating an inspection of the papers, and often, as in cases where counts in tort and contract are joined, a hearing of the evidence. See affidavit in *Rogers* v. *Ladd*, 117 Mass. 334.

2. The certificate of the comptroller of the currency was improperly admitted for the purpose for which it was offered. It is merely an authority for the bank to commence business ; it

does not prove the existence of the corporation or its organization under the laws of the United States. See U. S. Rev. Sts. §§ 885, 5133, 5134, 5135; *Tapley* v. *Martin*, 116 Mass. 275; *Washington Co. National Bank* v. *Lee*, 112 Mass. 521.

The corporation, if organized, is organized under the statutes above cited, and the fact recorded as provided by the statute; proof of such organization requires the production of the record itself, or a duly authenticated copy of so much thereof as relates to the fact in question. U. S. Rev. Sts. § 885. 1 Greenl. Ev. § 498. *Robbins* v. *Townsend*, 20 Pick. 345. *Oakes* v. *Hill*, 14 Pick. 442. *Wayland* v. *Ware*, 109 Mass. 248. *Hanson* v. *South Scituate*, 115 Mass. 336.

3. The testimony of Knapp was improperly admitted; it was not competent to prove the organization or existence of the corporation, and was immaterial and irrelevant, if admitted to prove that there was a banking business done by some person or association under that name; the plaintiff is bound to prove the allegations in its writ and declaration by the best evidence, which is, in this case, prescribed by statutes of the United States; the testimony of the witness presupposes better evidence, which should have been produced.

*F. S. Hesseltine*, for the plaintiff, was not called upon.

BY THE COURT. The affidavit complied with the St. of 1874, *c.* 248, § 3; and the court had authority to advance the case for trial, independently of that statute. The evidence admitted was competent to show that the plaintiff was *de facto* a banking corporation and transacting business as such.

*Exceptions overruled.*