MARGARET G. McGUINNESS *vs.* ALFRED H. HUGHES.

Suffolk.    January 25, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Executor*, Qualifications of.

It cannot be held as matter of law that a person not a lawyer is unfit to act as executor because before the death of the testator he gave him unsound advice in regard to the management and disposition of property which the testator held as trustee under a will or on account of the mere fact that for a long time he knowingly concealed the will of the wife of the testator and all knowledge of it.

MORTON, J.    This is a petition for the removal of the respondent as executor of the will of one Austin McGuinness on the ground that the respondent had wrongfully concealed for a long time the will of one Jane McGuinness, wife of said Austin, and all knowledge of the same, and was in other ways unsuitable to discharge the trust.    For the purpose of showing that he was in other ways unsuitable to discharge the trust the petitioner offered to show, in substance, that the said Austin McGuinness was trustee under the will of one Mary Condon and, acting under the advice of the respondent, paid over to one of the beneficiaries the entire trust property in disregard of the rights of the other beneficiary.    But no claim was made that the respondent, who was not a member of the bar, acted in bad faith or did not exercise his best skill and judgment.    The case was heard in this court on appeal by the petitioner from a decree of the Probate Court ordering that the petition be dismissed, and the decree was affirmed except that it was modified by adding thereto that the petition was dismissed without prejudice to the right of the petitioner to renew the same.    The petitioner appealed, and the case was submitted to this court upon an agreed statement of facts with power to draw inferences therefrom.

We think that the decree should be affirmed.    It cannot be ruled as matter of law that the respondent was unsuitable to act as executor of the will of Austin McGuinness because he had given him unsound advice in regard to the management and disposition of the trust property which McGuinness held under the

will of Mary Condon. That would not of itself necessarily disqualify him from acting as executor of the will of McGuinness. The question of his unsuitableness is to be determined as of the date of the petition for his removal (*Drake* v. *Green*, 10 Allen, 124), and he may have learned wisdom by experience. Neither does it follow as matter of law that he was unsuitable to discharge the trust because he had knowingly concealed for a long time the will of Jane McGuinness and all knowledge of the same. It is not necessary to consider whether it would make any difference if he had been tried and convicted of the crime of concealing the will of Jane McGuinness, although the fact that he had not been was apparently the reason that led the Probate Court to dismiss the petition for his removal. In the petitioner's offer of proof was an alleged statement by the respondent that he did not propose to bring the will forward as everything was left "just the same as if there was no will." The judge may have found that the concealment of the will by the respondent and all knowledge of it, was due to an honest belief on his part that, under those circumstances, it was not necessary to produce it. If that was so, it cannot be held that the mere fact of concealment without anything more operated as matter of law to disqualify him from acting as executor of the will of Austin McGuinness.

*Decree affirmed.*

*M. L. Jennings*, for the petitioner.
*A. E. Talbot*, for the respondent.