GEORGE S. TAFT *vs.* GARABED B. THOMAJAN.

Worcester. March 12, 13, 1924. — May 23, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Advance for speedy trial; Exceptions: immaterial, frivolous and intended for delay; Requests, rulings and instructions. *Superior Court. Supreme Judicial Court. Attorney at Law.*

The allowance of a motion under G. L. c. 231, § 59, that an action be advanced for speedy trial rests in the sound discretion of the court and an exception thereto will not be sustained where no abuse of discretion is shown.

At the trial of an action by an attorney at law for services rendered to a man in defending a divorce libel brought against him, it appeared that the libellant had sought alimony and there was a question of " the amount of the property of the parties," which was referred to an auditor before whom the plaintiff conducted the case in the defendant's behalf. There was evidence of the value of the plaintiff's services in the litigation and that question and the question, whether the plaintiff had been paid therefor, were *held* to have been for the jury.

At the trial of the action above described, the defendant contended that the court had no authority to appoint an auditor in a divorce case and that therefore the plaintiff could not recover for legal services rendered

before the auditor. It appeared that the defendant not only attended at some of the hearings, but knew that the plaintiff was constantly present representing him. *Held,* that the legality of the appointment of the auditor was immaterial, the defendant having made no objection to the proceedings and having accepted the services of the plaintiff, and the value of those services not depending upon the jurisdiction of the court to make the appointment.

The answer in the action above described did not allege that the plaintiff lacked professional skill or mismanaged the case which he tried on the defendant's behalf, and it therefore was *held,* that a request for a ruling that a disregarding of a plain provision of a statute was evidence of want of competent knowledge or skill or of negligence, properly was refused.

An exception to a refusal at a trial to grant a request for a ruling which does not appear to rest upon any relevant evidence must be overruled.

Upon an exception to the allowance in the Superior Court of a motion transferring the above described exceptions from the county of Worcester for a hearing at the sitting of this court for the Commonwealth on the ground that the exceptions were immaterial, frivolous or intended for delay, it was *held,* that it could not be said as a matter of law, that the trial judge could not, as stated in the order, determine the questions of law shown by the exceptions to be immaterial, frivolous and intended for delay.

CONTRACT by an attorney at law seeking payment for services rendered and disbursements made by him for the defendant. Writ dated October 31, 1922.

In the Superior Court, a motion of the plaintiff that the case be advanced for speedy trial was allowed by *Weed,* J., subject to an exception by the defendant.

The action then was tried before *Weed,* J. Material evidence, requests and exceptions by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $524.62. The defendant alleged exceptions.

*M. T. Flaherty,* for the defendant.

*C. B. Rugg,* for the plaintiff.

BRALEY, J. The allowance of the plaintiff's motion that the case be advanced for speedy trial, rested in the sound discretion of the court. *Merchants' National Bank* v. *Glendon Co.* 120 Mass. 97, G. L. c. 231, § 59.

At the trial the jury would have been warranted in finding that the plaintiff, an attorney at law, had been retained by the defendant to appear for him in the libel for divorce in which, if a divorce were decreed, his wife prayed for alimony.

The question of " the amount of the property of the parties " having been referred to an auditor, the plaintiff, as the jury could have found, appeared at the hearings, and conducted the case in the defendant's behalf.   There was evidence of the value of his services, and, whether the plaintiff had been paid therefor as the defendant testified and contended, was for the jury.   The first request that on all the evidence the defendant is entitled to a verdict was denied rightly.

The second and third requests, that the court had no authority to appoint an auditor in a divorce case, and that no recovery could be had for legal services rendered before an auditor so appointed, could not have been given.   The defendant not only attended at some of the hearings but knew, as the jury could say, that the plaintiff was constantly present representing him.   It is immaterial whether the appointment was regular or irregular.   The defendant made no objection to the proceedings, and accepted the services rendered by his counsel, the value of which did not depend on the jurisdiction of the court to make the appointment.

The fifth request, that " Mere error of judgment upon a doubtful question of construction of the statutes should not be regarded as evidence of want of competent knowledge or skill or of negligence but the disregarding of a plain statute provision should be so regarded," was rightly refused.   The answer does not aver that the plaintiff lacked professional skill or mismanaged the case.

The fourth request could not be given in terms for reasons just stated, and in so far as pertinent is fully covered by the instructions.

The sixth request, " If the jury finds that the defendant at the hearings alleged to have taken place was in the company of lawyers who were later informed that he had considerable property it should carefully weigh the testimony in regard to admissions of debt as the law requires greater scrutiny where confidential relations exist on the one hand and the friendliest sort of feelings on the other," does not appear to rest on any relevant evidence, and its refusal shows no error.

The questions presented by the first bill of exceptions hav-

ing been fully considered, we pass to the defendant's second bill of exceptions. The first bill of exceptions was allowed either on December 8, 1923, or December 19, 1923. The plaintiff on January 10, 1924, moved for an order that, the exceptions being immaterial, frivolous or intended for delay, be transferred, entered and heard at the next sitting of this court for the Commonwealth. G. L. c. 211, § 16. The motion was allowed, and an order with the necessary certificate was entered, to which the defendant excepted. We cannot say as matter of law, that the judge could not, as stated in the order, determine the questions of law shown by the exceptions to be immaterial, frivolous and intended for delay. See *Commonwealth* v. *Robertson*, 162 Mass. 90, 94.

*Exceptions overruled.*