DONALD C. SPAULDING *vs.* QUINCY TRUST COMPANY.

Suffolk.    April 6, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Mortgage,* Of real estate: foreclosure.    *Surety.    Subrogation.    Set-off.*

Even though the circumstances of a purchase of real estate by a mortgagee at a sale in foreclosure of a mortgage, junior to a mortgage from the same mortgagor to the same mortgagee, did not result in a merger, the land became the primary debtor as to the prior mortgage debt and the mortgagor became a quasi surety with respect thereto, with a right of subrogation against the land if a surplus arising from the foreclosure were applied by the mortgagee in reduction of the prior mortgage debt.

A mortgagee of real estate, who had purchased at a sale in foreclosure of a junior mortgage for a sum larger than that mortgage debt and had taken title subject to a prior mortgage also held by him and given by the same mortgagor, by conveying the real estate to a third person free from the prior mortgage destroyed a right which in the circumstances the mortgagor would have had to be subrogated against the land upon application of the surplus by the mortgagee to the prior mortgage debt, and the mortgagee was not entitled so to apply the surplus and was liable to the mortgagor for the full amount thereof.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated September 3, 1941.

There was a finding for the plaintiff by *Spiegel,* J.    The defendant appealed from an order by the Appellate Division dismissing a report.

*R. F. Barrett,* for the defendant.
*H. J. Booras,* for the plaintiff.

LUMMUS, J.    One Taylor died in 1931 owning real estate which was subject to four mortgages held by the defendant and given by Taylor to secure his promissory notes. The mortgages were for $5,000, $5,000, $5,000 and $2,000 respectively.    By his will he devised nineteen twentieths of his estate to his widow and one twentieth to his niece. His widow was made executrix.    On February 11, 1938, the real estate was sold by the defendant under a foreclosure

of the fourth mortgage, and was bought in by the defendant for $5,000. The advertisement of sale recited that "the premises are subject to three prior mortgages given by me to said Quincy Trust Company, each for $5000," and the deed conveyed to it "the premises conveyed by said mortgage" — evidently subject to the three prior mortgages. This the defendant concedes in its brief. Immediately after the foreclosure sale demand was made upon the defendant for the surplus after the sale, amounting to $2,972.16, but nothing was paid. On February 25, 1938, the executrix and devisees of Taylor assigned their rights in the surplus to the plaintiff.

On February 25, 1938, the defendant conveyed the real estate to one Carey. It does not appear that the real estate was conveyed subject to the three earlier mortgages, and that it was not is indicated by the facts that the land was expressly conveyed subject to "easements of the Commonwealth of Massachusetts for sewerage purposes" and that Carey gave a mortgage back to the defendant for $19,500. This accords with the finding of the trial judge.

This action was brought by the plaintiff assignee to recover the surplus. The defence is based upon the fact, stated in the answer, that the defendant applied the surplus towards the reduction of the sum of $13,443.28 owed it on the three earlier mortgage notes. In a District Court the trial judge found for the plaintiff, and the Appellate Division dismissed a report. The defendant appealed to this court.

Upon the foreclosure, the surplus stood in the place of the equity of redemption previously existing, and belonged to the devisees of Taylor. *Mattel* v. *Conant,* 156 Mass. 418, 422. *Hunneman* v. *Lowell Institution for Savings,* 205 Mass. 441, 445. *Dennett* v. *Perkins,* 214 Mass. 449. We assume without deciding that the three earlier mortgage debts were not extinguished by merger. *Sullivan* v. *Neary,* 186 Mass. 158, 160. We assume also without deciding that the set-off of the surplus against the earlier mortgage notes was not precluded by the fact that the surplus belonged to the devisees while the notes were owed by the executrix in her

representative capacity. But upon the foreclosure deed to the defendant subject to the three mortgages, the land became the primary debtor and the estate of Taylor became only a sort of surety. *Pratt* v. *Buckley*, 175 Mass. 115, 116. *North End Savings Bank* v. *Snow*, 197 Mass. 339, 341. *Silverstein* v. *Saster*, 285 Mass. 453, 455. *Conway Savings Bank* v. *Vinick*, 287 Mass. 448, 451. If the surplus should be applied in reduction of the mortgage notes, the devisees would be entitled to subrogation against the land. *Pratt* v. *Buckley*, 175 Mass. 115, 116. *Atlas Finance Corp.* v. *Trocchi*, 302 Mass. 477, 480, 481. The defendant, however, made such subrogation impossible by conveying the land free of mortgages. *Conway Savings Bank* v. *Vinick*, 287 Mass. 448, 451. *McRae* v. *Pope*, 311 Mass. 500, 506. Under these circumstances the defendant cannot exercise any right of set-off.

The case is governed in principle by *Natick Five Cents Savings Bank* v. *Bailey*, 307 Mass. 500, 503. In that case a mortgagee purchased the land at a foreclosure sale under his mortgage subject to all taxes. He then brought an action to recover from the mortgagors the amount of taxes paid, under the covenant to pay taxes contained in the mortgage. This court held that the payment by the mortgagee of the taxes "was in substance a payment of a part of the purchase price of the real estate that it acquired at the foreclosure sale," and that recovery by the plaintiff for taxes "would be a double recovery by the plaintiff." See also *Skilton* v. *Roberts*, 129 Mass. 306; *Spencer Savings Bank* v. *Cooley*, 177 Mass. 49; *Antonellis* v. *Weinstein*, 258 Mass. 323. Nothing in the requests for rulings requires further discussion.

*Order dismissing report affirmed.*