QUINCY TRUST COMPANY *vs.* JANE W. TAYLOR,
executrix.

Norfolk.    April 5, 1944. — October 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Executor and Administrator*, Removal. *Probate Court*, Removal of fiduciary, Appeal. *Jurisdiction*, Action by court of its own motion, Appointee of court. *Error*, Whether error harmful. *Words*, "Unsuitable."

Statement by LUMMUS, J., of the meaning of the word "unsuitable" in § 11 of G. L. (Ter. Ed.) c. 195.

Utter neglect by an executor of his duties as such for twelve years after his appointment warranted a conclusion that he was "unsuitable" for his office within G. L. (Ter. Ed.) c. 195, § 11.

Even if an alleged creditor of a decedent's estate petitioning the Probate Court for removal of the executor was not in fact a creditor and had no standing so to petition, neither a denial of a motion by the executor to strike out the petitioner's appearance nor a decree removing the executor upon a sufficient ground disclosed reversible error in view of the court's power to act sua sponte in the matter of such a removal.

Statement by LUMMUS, J., as to the power of courts to act sua sponte.

A Probate Court may act sua sponte in removing an unsuitable executor under G. L. (Ter. Ed.) c. 195, § 11.

PETITION, filed in the Probate Court for the county of Norfolk on June 4, 1943, for the removal of the respondent as executrix of the will of Thomas Milton Taylor, late of Quincy.

The petition and a motion by the respondent to strike out the petitioner's appearance were heard by *Davis*, J.

*H. J. Booras*, (*A. P. Senopoulos* with him,) for the respondent.

*R. F. Barrett*, (*J. D. Smith* with him,) for the petitioner.

LUMMUS, J.   On June 10, 1931, Jane W. Taylor was appointed executrix of the will of her husband, Thomas Milton Taylor.   The will gave one twentieth of the estate to a niece, and the residue to Jane W. Taylor.   There was no creditor other than the Quincy Trust Company which

held four mortgage notes aggregating $17,000. On June 4, 1943, the Quincy Trust Company filed a petition for the removal of the executrix on the ground, among others, that she was "evidently unsuitable for the discharge of said trust."

On December 7, 1943, after a hearing at which the evidence was reported under G. L. (Ter. Ed.) c. 215, §§ 12, 18, the judge (1) denied a motion of the executrix to strike out the appearance of the Quincy Trust Company on the ground that it was no longer a creditor, and (2) removed the executrix from her office. She appealed to this court.

The testator owned and operated an amusement park in Quincy. He left about $7,000 in personalty, and $35,000 in realty. From the value of the latter apparently should be deducted the amount of the mortgage debt, $17,000. After his death the executrix, without license from the Probate Court, continued to operate the park, and lived on the proceeds. After she was appointed and gave bond without sureties, she did nothing toward executing the will. She kept no accounts. When in 1938 the Quincy Trust Company threatened foreclosure, she conveyed, without consideration except possibly money lent and services rendered to her personally, all the personal property of the estate to one Spaulding, who lived on the premises with her and helped her operate the park.

General Laws (Ter. Ed.) c. 195, § 11, empowers a Probate Court to remove an executor or administrator for a number of reasons, one of which is that he is "unsuitable" for the trust. Until R. L. (1902) c. 139, § 11, the statutory words were "evidently unsuitable." St. 1783, c. 24, § 19. Pub. Sts. (1882) c. 132, § 14. But the word "evidently" added nothing to the word "unsuitable" (*Gray* v. *Parke*, 155 Mass. 433), and has now been eliminated from the statute.

The statutory word "unsuitable" gives wide discretion to a probate judge. Past maladministration of a comparable trust, bad character, misconduct, neglect of duty, or physical or mental incapacity, warrants a finding that an executor or administrator is unsuitable. Such a finding

may also be based upon the existence of an interest in conflict with his duty, or a mental attitude toward his duty or toward some person interested in the estate that creates reasonable doubt whether the executor or administrator will act honorably, intelligently, efficiently, promptly, fairly and dispassionately in his trust. It may also be based upon any other ground for believing that his continuance in office will be likely to render the execution of the will or the administration of the estate difficult, inefficient or unduly protracted. Actual dereliction in duty need not be shown.

The utter neglect of her duty by the executrix in this case warranted the finding that she was unsuitable, and we see no reason to disturb that finding.

In *Spaulding* v. *Quincy Trust Co.* 313 Mass. 752, it was held in substance that because of its acts during and after the foreclosure of one of its mortgages, the Quincy Trust Company, prior to the filing of the present petition, had ceased to have any right to payment of the mortgage notes upon which it relies as giving it standing as a creditor to maintain the present petition. Spaulding was entitled to any surplus after foreclosure under an assignment from Jane W. Taylor and the niece, who as devisees of the real estate were individually entitled apart from that assignment to any surplus after foreclosure. In the present petition, also, an individual right of Jane W. Taylor is involved, namely, her right to continue to hold an official position representing the estate. But with that right Spaulding as assignee had no concern. As assignee he and Jane W. Taylor were in privity so far, as the thing assigned was concerned. But now that Jane W. Taylor seeks in a controversy foreign to the assignment to bind the Quincy Trust Company by the judgment in favor of her assignee in the earlier action, a doubtful question is raised. *Taylor* v. *Barker*, 70 Utah, 534, 55 Am. L. R. 1037. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 148, 151. *Pineville Steam Laundry* v. *Phillips*, 254 Ky. 391. Yet if the same facts should be found upon the present petition that were found in *Spaulding* v. *Quincy Trust Co.* 313 Mass. 752, the result would doubtless be controlled by that de-

cision, as a precedent if not as an adjudication. *Bergson v. H. P. Hood & Sons, Inc.* 300 Mass. 340, 345.

We see no need to decide upon this record whether the Quincy Trust Company was a creditor at the time when the present petition was filed. Even if it was not, no error is shown in the decree for removal. The denial of the motion to strike out the appearance of the Quincy Trust Company was of no practical consequence.

Ordinarily courts properly remain inactive unless and until judicial action is required by some party in accordance with recognized practice. But courts have a wide inherent power to do justice and to adopt procedure to that end. *Fanciullo v. B. G. & S. Theatre Corp.* 297 Mass. 44, 51. *Boyajian v. Hart,* 312 Mass. 264, 266. Where a court has once taken jurisdiction and has become responsible to the public for the exercise of its judicial power so as to do justice, it is sometimes the right and even the duty of the court to act in some particular sua sponte. A court may dismiss a case which the parties have failed to dispose of within a reasonable time. *Mackay v. Brock,* 245 Mass. 131. *Cheney v. Boston & Maine Railroad,* 246 Mass. 502, 506. *Donovan v. Danielson,* 263 Mass. 419. A court may assign a case for trial of its own motion. *Merchants' National Bank v. Glendon Co.* 120 Mass. 97. *Sweeny v. Home Owners' Loan Corp.* 307 Mass. 165. A judge may require a child, the custody of whom is in dispute, to be brought before him for examination. *Dumain v. Gwynne,* 10 Allen, 270, 275. *Jenkins v. Jenkins,* 304 Mass. 248, 252. A judge may call a witness, put questions to a witness, or refresh his judicial knowledge of a fact, even against the protest of the parties. Wigmore, Evidence (3d ed. 1940) §§ 784, 2484, 2569. *McLaughlin v. Municipal Court of the Roxbury District of Boston,* 308 Mass. 397, 405. A judge may take a case from the jury of his own motion. *O'Hare v. Gloag,* 243 Mass. 533, 536. *Field v. Hamm,* 254 Mass. 268, 271. *Commonwealth v. Cronin,* 257 Mass. 535. In the absence of restrictive statute, a judge may set aside a verdict or finding of his own motion. *McKinley v. Warren,* 218 Mass. 310, 311, 312. *Parker v. Lewis J. Bird Co.* 221 Mass. 422,

425. A case may be referred to an auditor against the will of the parties; and not infrequently is so referred where the parties propose to try complicated issues to a jury in the first instance. *Clark* v. *Fletcher,* 1 Allen, 53, 56. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 329. A judge, against the will of the parties, may require the reading in evidence of an auditor's report. *Clark* v. *Fletcher,* 1 Allen, 53. Of its own motion a court may require connected cases to be tried together. *McLaughlin* v. *Levenbaum,* 248 Mass. 170, 176. A court, of its own motion, may correct its records to conform to the truth. *Balch* v. *Shaw,* 7 Cush. 282. *Bryer* v. *American Surety Co.* 285 Mass. 336.

Especially appropriate for the exercise of judicial power sua sponte is a case in which an appointee of the court to a position of trust is found to be unworthy or unsuitable. A simple illustration will suffice to show the necessity of that power. Suppose a Probate Court should learn that an administrator has embezzled money and has become thoroughly untrustworthy. The persons entitled as distributees, let us suppose, are residents of a distant country, are without experience in affairs, and have no counsel or representative here. In such a case it would be a reproach to the law if the Probate Court were compelled to remain inactive until some interested person should appear and file a petition for removal.

The question whether the Quincy Trust Company had a private right to appear and petition becomes immaterial in view of the result to which we have come as to the legality of the decree of removal. That decree is affirmed.

*So ordered.*