MAY M. MACHADO, administratrix, *vs.* CHARLES D. BROWN, administrator. June 3, 1957. Decree affirmed. This is an appeal from a final decree denying a petition brought under G. L. (Ter. Ed.) c. 195, § 11, as amended, to remove the respondent as administrator of the estate of Anthony Lawrence, late of Boston. His heirs comprised three nieces who could not agree upon the selection of an administrator and the court appointed the respondent on May 6, 1946. Upon inquiring of one of the nieces, he learned that the assets consisted of household furniture which was appraised for $5, and insurance from a painters' union on the life of the intestate in the amount of $400. The only real estate so far as the respondent knew was a small house located in a back yard for which he was unable to get an offer for more than $1,600 from two real estate agents. He finally succeeded in getting an offer of $1,650 from one of the nieces to whom he was authorized to sell by the Probate Court. His first account was allowed on October 9, 1947, as was the administrator's petition for distribution. On the death of the niece last mentioned six or eight years later it was discovered that she held over $13,000 in deposits and that she was in possession of a second mortgage given upon her own property to her uncle. The mortgage note was never found. The deposits and the amount of the mortgage have been promptly collected by the respondent and duly allowed in his account filed in the Probate Court. This last account showed no balance in schedule C. No appeals have been taken from decrees for the allowance of accounts or for distribution. The judge found that the respondent has fully accounted for all property that came to his knowledge or possession. There was no breach of any fiduciary duties by the respondent. The judge possessed broad powers to remove an administrator who is unsuitable for the position as the term unsuitable has been interpreted, see *Quincy Trust Co.* v. *Taylor,* 317 Mass. 195; *Comstock* v. *Bowles,* 295 Mass. 250, but it cannot be said that he was plainly wrong in failing to remove the respondent. *Hussey* v. *Coffin,* 1 Allen, 354. *McGuinness* v. *Hughes,* 188 Mass. 201.

*Timothy J. McInerney,* for the petitioner.

No argument nor brief for the respondent.