THE HOME NATIONAL BANK OF BROCKTON, petitioner (and two companion cases[1]).

Plymouth. May 2, June 3, 1960. — June 30, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Trust,* Appointment of trustee. *Probate Court,* Petition.

Where a bank petitioned a Probate Court for appointment of itself "or some other suitable person" as successor trustee upon resignation of the sole original trustee nominated in and appointed under a will making no provision for filling the vacancy and the petition was assented to by a beneficiary who was entitled to the income, and principal in the discretion of the trustee, during the continuance of the trust and to the principal free of trust upon attaining a specified age and who had a general testamentary power of appointment over the principal in case of his death before attaining that age, a decree appointing the bank and an individual successor trustees must be reversed since it was made on the basis of erroneous findings and rulings by the judge to the effect that the bank was "unsuitable to act alone" and that certain facts showed that the original trustee and the assenting beneficiary were "unsuitable . . . to dictate the appointment" to fill the vacancy.

PETITION, filed in the Probate Court for the county of Plymouth on October 4, 1957, by The Home National Bank of Brockton for appointment as succeeding trustee under the will of Emma L. Thompson, late of Abington.

Two PETITIONS filed in that court on February 28, 1958, and April 1, 1958.

───

[1] The companion cases are entitled Thomas H. Buckley, petitioner.

The petitions were heard by *Stone*, J.

*John B. Dolan*, (*George F. Edlund* with him,) for The Home National Bank of Brockton and another.

No argument nor brief for Buckley.

WILKINS, C.J. The will of Emma L. Thompson, late of Abington, was allowed by the Probate Court on November 8, 1937. On February 23, 1938, H. Arthur Standish, the testatrix's brother, nominated in the will, was appointed trustee of a residuary trust, and served until November 12, 1957, when his resignation was accepted.

The ninth paragraph of the will reads as follows: "All of the rest, residue and remainder of my estate I give, devise and bequeath to my brother, H. Arthur Standish, of Middleboro, Massachusetts, but in trust, nevertheless, to invest and reinvest the same and to pay the net income therefrom to my grandson, William A. Thompson. I further authorize and instruct my said trustee to pay over to my said grandson from time to time such portions of the principal of said trust as may in the opinion of my said trustee seem wise and expedient. When my said grandson, William A. Thompson, shall have reached the age of fifty years I direct my said trustee to pay over to him any balance then remaining in said fund free and discharged from all trust. In the event that my said grandson, William A. Thompson, shall decease prior to reaching the age of fifty years I then direct my said trustee to pay any funds remaining in his hands to such person or persons as shall be designated in the last will and testament of my said grandson, William A. Thompson; and in the event that my said grandson shall decease intestate I direct my said trustee to pay over the balance then remaining in his hands to the issue of my said grandson; and if he leaves no issue surviving him then to my heirs at law to be determined as of the time of the decease of my grandson." This petition by The Home National Bank of Brockton for appointment as succeeding trustee was filed on October 4, 1957, and alleges that Standish has resigned before the objects of the trust have been accomplished; that there is no adequate provi-

sion in the will for supplying the vacancy; and that the petitioner is willing to accept the trust. The bank "prays that it, or some other suitable person, be appointed trustee as aforesaid, in place of said H. Arthur Standish according to the provisions of the law in such case made and provided." William A. Thompson, "being all the persons interested," assented to the petition in writing.

On December 9, 1957, a decree was entered appointing the bank and Thomas H. Buckley, Esquire, of Abington trustees, the bank without sureties and the individual "with sufficient sureties." There had been no hearing, and there was nothing before the judge beyond the papers filed in the case. On December 17, 1957, the bank and Thompson requested a report of the material facts found by the judge. On December 23, 1957, they appealed. On February 28, 1958, the judge over the objection of counsel for the appellants, conducted a hearing upon the request for a report. No evidence was taken. There were statements by Mr. Buckley, by counsel for the appellants, by the register of probate, and by the judge.

On March 19, 1958, the judge filed a paper entitled "Memorandum and findings of fact and rulings of law in the matter of petition for appointment of trustee to fill vacancy." Among the findings are these. The first and final account of Standish as executor was filed on December 30, 1938, and was assented to by Standish as trustee for William A. Thompson, who was born on June 16, 1920, and was then a minor. The first account of Standish as trustee was filed on January 9, 1941, and is for the period beginning with February 23, 1938, and ending December 31, 1940.[1] No citation has been issued or action taken on this account.[2] No subsequent account has been filed.[3] William A. Thompson, the life beneficiary, has three minor children, one born

---

[1] The amount of Schedule C is $55,457.04 in capital stocks and deposits in Massachusetts savings banks.

[2] On July 22, 1958, citation issued returnable on August 25, 1958.

[3] The second account, covering the period from January 1, 1941, to November 12, 1957, was filed on September 19, 1958. At the hearing counsel stated that an account had been prepared but not filed.

on February 2, 1943, and twins born on July 28, 1945. They have not been given notice of the petition. The trustee in not filing an account for more than seventeen years has violated the provisions of his bond. The life beneficiary, who has assented to the appointment of the bank, has failed to take action to compel the trustee to account, and has done nothing to protect the interests of his children. The life beneficiary, the trustee, and the bank are all represented by the same counsel. Their interests may conflict. "No request was made to the Probate Court to appoint any guardian ad litem for the minor children of the life tenant and no guardian ad litem was appointed, in any of these proceedings."

"The court cannot find that the Home National Bank is evidently 'unsuitable' " as defined in *Quincy Trust Co.* v. *Taylor,* 317 Mass. 195, 196–197. "The court does find, however, that the first trustee and the person assenting to the petition for the appointment of the Home National Bank are 'unsuitable' by reason of the foregoing facts to dictate the appointment of succeeding trustees. The best interests of the trust require that an additional impartial trustee be appointed with the Home National Bank. Proceedings might have to be brought to compel an accounting by the first trustee." "The court finds that any petition to compel an accounting or to compel restitution would have to be brought by the same counsel who represents the bank and who formerly represented the executor and trustee." The "court finds that the Home National Bank is unsuitable to act alone in this matter. If the court is authorized to appoint a single trustee only, then this court appoints Thomas H. Buckley, Esquire." Mr. Buckley is suitable to act as cotrustee or as sole trustee. "He will not only represent the life tenant but also the contingent interest of the three minor children. Since wide discretion as to payments of principal is vested in the trustees, it is important that both of them do not owe their nomination and appointment to the life tenant. This court feels that one, at least, must be entirely independent in his judgment and in the

exercise of his discretion, for the best interests of all the parties.''

The first question is whether the judge had power to appoint a cotrustee. A pertinent statute is G. L. c. 203, § 5, which reads: ''If a trustee under a written instrument declines, resigns, dies or is removed before the objects of the trust are accomplished and no adequate provision for filling the vacancy is made therein the supreme judicial court, the superior court or the probate court shall, after notice to all persons interested, appoint a new trustee to act solely or jointly with the others as the case may be.''

The petitioner contends that this statute conferred no power upon the Probate Court to appoint two trustees to fill a single vacancy upon a petition which prayed for the appointment of a single trustee. The judge, without mentioning the statute, ruled that ''the Probate Court has authority and power to fill this vacancy and may do so in its own discretion by appointment of one or more persons,'' citing *Quincy Trust Co.* v. *Taylor,* 317 Mass. 195, 199. That case deals with the power of the Probate Court sua sponte to remove an unsuitable executor under G. L. c. 195, § 11, and contains no discussion as to appointments or the appointment of more than one person. The judge also ruled that ''the words 'other person' in the petition permit the court to appoint a corporation (authorized by law to handle trusts) or an individual, or both.'' No one disputes that the appointment of such a corporation is authorized. But the precise words of the petition, ''or some other suitable person,'' are in a form approved by this court. G. L. c. 215, § 30. That form cannot be changed by the Probate Court. *Lucey, petitioner,* 331 Mass. 292, 293. The petition was not brought upon the equity side of that court.

This is the case of a family trust, which showed principal of $55,457.04 in the only account on file when the petition was heard. The life beneficiary, a grandson of the testatrix and a grandnephew of the first trustee, will be entitled to the principal upon attaining the age of fifty years in June, 1970. Should he die before then, the entire fund is

to be paid to whomsoever he shall by will appoint, and, as we interpret the will, in default of appointment to his own issue. At present his issue are three sons, one aged seventeen, and twins aged fourteen. As the judge observes, there is a wide discretion in the trustee to make payments of principal to the life beneficiary, but, as the report fails to observe, the latter has a general power of appointment by will.

In the circumstances, we do not decide whether the judge had complete discretion to pass over a petitioner not found to be unsuitable and to fill the vacancy by the appointment of another whom he found to be suitable, or, in other words, whether he had an equal choice between two suitable persons, one named in the petition and one named by him.

In any event, this decree cannot stand, because the judge made the appointments in the shadow of a number of erroneous rulings. The mere fact that the life beneficiary and the former trustee, as well as the petitioning bank, may have had the same counsel disqualified no one, and made no one unsuitable for any purpose here material. Interests do not necessarily conflict because parties have counsel in common. If there be a conflict, counsel in the first instance may be trusted to withdraw from representing adverse interests. The finding that any petition for an accounting or to compel restitution would have to be brought by the same counsel who represents the bank and formerly represented the executor and the trustee is plainly wrong upon its mere reading. The petitioner is represented in this court by other counsel.

The life beneficiary was under no duty to take action to compel the trustee to account.[1] *Argus* v. *Kokkorou,* 308 Mass. 315, 319. It may even have been a wise restraint on his part not to do so and thus to avoid a diversion of part of the trust property to possible guardian ad litem expense, a diversion which, on information he might have, he

[1] The Trustee, who had not fully accounted when his resignation was accepted on November 12, 1957, has since filed a second account for a period ending on that date

could feel to be unnecessary. It would not have been a ground of unsuitability on the part of the petitioning bank that others had made no request in the earlier years of the trust for the appointment of a guardian ad litem.[1] No statute prescribed that the life beneficiary be "suitable" to assent to the filing of this petition. There is nothing to indicate that the life beneficiary, who is the only person having a present vested interest, was disqualified from so assenting. If material, there is nothing to indicate that the first trustee had any part in the choice of the petitioning bank to be succeeding trustee, or was attempting to "dictate" the appointment. There was no basis for finding that the petitioning bank is unsuitable to act alone, or cannot fairly deal with all the beneficiaries.

The two petitions filed by the cotrustee, pending appeal from the decree appointing him, were respectively for a reduction of the amount of his bond and for the appointment of a guardian ad litem. The appeals from the decrees allowing those petitions raise questions as to the cotrustee's powers which have become immaterial.

*Decrees reversed.*

---

[1] The finding, which we deem immaterial, that no request was made for the appointment of a guardian ad litem "in any of these proceedings," would appear, from an affidavit of counsel printed in the record, to be incorrect as to the present petition.