# DISTRICT ATTORNEY FOR THE NORFOLK DISTRICT *vs.* DAVID G. MAGRAW.

Norfolk. January 4, 1994. - February 25, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*District Attorney. Probate Court*, Standing. *Practice, Civil*, Standing. *Executor and Administrator*, Removal, Suitability. *Attorney at Law*, Attorney-client relationship. *Privileged Communication. Waiver. Evidence*, Privileged communication, Communication between patient and psychotherapist. *Grand Jury.*

General Laws c. 215, § 9, did not preclude a district attorney from appealing a Probate Court judge's denial of his petition to remove the executor under the will of a homicide victim, whose husband, the executor, had become a suspect in her death, where the district attorney, as a public officer whose duty it was to investigate fully the homicide, was a person aggrieved under § 9. [171-172]

The representative of a decedent's estate has the authority to waive the decedent's attorney-client and psychotherapist-patient privilege. [172-174]

On appeal from the denial of a petition by a district attorney to remove a homicide victim's husband as executor of her will because he had become a prime suspect in the investigation into her death, this court concluded that a probate judge had a duty to remove the husband as executor, and that it was error not to remove him, where the husband's conflict of interest made him unsuitable, in his capacity as executor, to decide whether to waive his deceased wife's psychotherapist-patient and attorney-client privileges so that the attorney and therapist could testify before the grand jury concerning what the wife might have said to them about the husband. [174-175]

PETITION filed in the Norfolk Division of the Probate and Family Court Department on October 2, 1991, for the removal of the executor of the estate of Nancy B. Magraw.

The matter was heard by *James M. Sweeney*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Robert C. Cosgrove*, Assistant District Attorney, for the plaintiff.

*J. W. Carney, Jr.* (*Michael J. Traft* with him) for the defendant.

NOLAN, J. The district attorney for the Norfolk district, appeals from a Probate Court judge's denial of his petition to remove the defendant, David G. Magraw, as executor of the estate of his wife, Nancy B. Magraw. The Appeals Court vacated the judgment of the Probate Court, and directed it to discharge Magraw as executor. 34 Mass. App. Ct. 713, 719-720 (1993). We granted the defendant's application for further appellate review. In agreement with the Appeals Court, we direct the Probate Court to enter an order removing David G. Magraw as executor of the estate of Nancy B. Magraw. A brief synopsis of the facts follows.[1]

Nancy Magraw, on November 17, 1978, executed a will, wherein she named her husband executor. The marriage eventually deteriorated, and by July, 1990, Nancy and David were separated, and were negotiating a divorce settlement. On July 23, 1990, Nancy was found dead in her home, apparently the victim of a homicide. David thereafter assumed his duties as executor of Nancy's estate.

An investigation into the cause of Nancy's death was begun. David was, and is, considered a suspect. The grand jury investigating Nancy's death sought to question Nancy's lawyer and psychotherapist about conversations she may have had with them about David. David, however, in his capacity as executor, invoked and refused to waive the attorney-client and psychotherapist-patient privileges, thereby precluding both the lawyer and psychotherapist from testifying regarding Nancy's communications. Thereafter, the district attorney filed in the Superior Court a motion to compel the testimony of Nancy's lawyer and therapist. This motion was

---

[1]For additional factual background, see *District Attorney for the Norfolk Dist.* v. *Magraw*, 34 Mass. App. Ct. 713, 714-715 (1993).

denied. The district attorney then petitioned the Probate Court to remove David as executor of Nancy's estate on the ground that a conflict of interest rendered him unsuitable. The petition was denied. The district attorney appealed.

On appeal, the district attorney argues that the Commonwealth has standing to petition the Probate Court to remove the defendant as executor because he is unsuitable. The district attorney further argues that, even if this court were to find a lack of standing, the Probate Court otherwise erred in not removing David as executor. We examine the issues.

1. *Standing.* The district attorney first argues that he has proper standing to contest the defendant's suitability as executor. The defendant argues otherwise.

General Laws c. 195, § 11 (1992 ed.), which governs removal of executors and administrators, is silent on the issue of standing. The statute, however, provides for removal of estate representatives by the Probate Court, sua sponte. That court's power to remove is not limited to circumstances where it is petitioned by interested parties. We have acknowledged that the Probate Court may have a duty to act when a party, who may not otherwise properly be before the court, presents evidence or argument "establishing the obvious unsuitability of the [estate representative]." *Clymer* v. *Mayo*, 393 Mass. 754, 763 (1985), citing *Quincy Trust Co.* v. *Taylor*, 317 Mass. 195, 198 (1944). "In such a case it would be a reproach to the law if the Probate Court were compelled to remain inactive until some interested person should appear and file a petition for removal." *Quincy Trust Co., supra* at 199.

The defendant argues that G. L. c. 215, § 9 (1992 ed.), precludes the district attorney from appealing the Probate Court judge's ruling. We disagree. Section 9 has not precluded our review of the issue here presented; we have reviewed Probate Court determinations of suitability even when the issue was presented to us by parties without standing. See, e.g., *Clymer* v. *Mayo, supra* at 763. Further, we have stated that, "when a public officer has a duty to perform, or a right to vindicate in any proceeding in the Probate

Court, he is a 'person . . . aggrieved' by an adverse decision and therefore can appeal therefrom." *Kline* v. *Shapley*, 232 Mass. 500, 504, cert. denied, 250 U.S. 664 (1919). See *Monroe* v. *Cooper*, 235 Mass. 33, 34 (1920) ("in order for one to be aggrieved in this sense, it must appear that he has some pecuniary interest, some personal right, or some public or official duty resting upon him, affected by the decree"). That principle is applicable to the case before us. The petitioner, the district attorney, is a public officer whose duty it is fully to investigate the homicide of Nancy Magraw. It is pursuant to this duty that he petitioned the Probate Court to remove the defendant as executor, and thereafter appealed from the Probate Court's adverse determination. We consider the district attorney in these circumstances a person aggrieved under G. L. c. 215, § 9.

We examine whether the evidence and argument presented to the Probate Court plainly illustrated the unsuitability of the defendant as executor of his wife's estate so that action by the Probate Court was warranted.

2. *Waiver by representative of estate.* The district attorney argues that the defendant is unable to make a disinterested decision whether to waive the decedent's attorney-client and psychotherapist-patient privileges. Thus, in determining whether the probate judge erred in not acting to remove the defendant, we must first address whether a representative of an estate has the authority to waive the decedent's attorney-client and psychotherapist-patient privileges. We hold that he does.

It has been long recognized that the privilege of nondisclosure of confidential communications between a client and his or her attorney survives the client's death. See *Matter of a John Doe Grand Jury Investigation*, 408 Mass. 480, 483 (1990); *Brooks* v. *Holden*, 175 Mass. 137, 141 (1900). Further, we have acknowledged that "an executor or administrator of a deceased client may exercise in favor of the client's estate the right to waive the privilege, and may call upon the attorney to disclose as a witness communications made to him by the client." *Brooks, supra* at 141-142. See *Matter of*

*a John Doe Grand Jury Investigation, supra*; *Sullivan* v. *Brabason*, 264 Mass. 276, 286 (1928).

The psychotherapist-patient privilege was created by statute, G. L. c. 233, § 20B (1992 ed.),[2] and, like the attorney-client privilege, it survives the death of its beneficiary, the patient. G. L. c. 233, § 20B (*d*). Section 20B, however, does not address waiver of the privilege by the executor or administrator of the patient's estate. Nevertheless, it is evident that the policy behind the psychotherapist-patient privilege is identical to that supporting the attorney-client privilege. The rationale is that the most effective assistance of a therapist or an attorney can be achieved only through open communication, which is likely not to occur absent a guarantee that what the patient, or client, says will not be disclosed to others without her consent. We acknowledge that "[w]e are not free to water down the legislative policy embodied in the statute . . . ." *Usen* v. *Usen*, 359 Mass. 453, 457 (1971). However, a rule allowing waiver of the privilege by the representative of a deceased patient's estate would not disturb the legislative policy. The statutory privilege gives the patient the option of invocation or waiver. When the patient is incompetent, the statute provides that a guardian be appointed to determine whether to invoke the privilege; thus a representative determines whether it is in the patient's best interest to invoke or to waive. See G. L. c. 233, § 20B. There is no reason to allow waiver of the privilege — either by the patient or her guardian — during the patient's life, while disallowing it after her death; waiver of the privilege may be in the patient's estate's best interest when the patient is deceased, just as it may be in her own best interest while she is

---

[2]General Laws c. 233, § 20B (1992 ed.), provides in part: "Except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto . . . a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient's mental or emotional condition. This privilege shall apply to patients engaged with a psychotherapist in marital therapy, family therapy, or consultation in contemplation of such therapy."

living. We hold that the psychotherapist-patient privilege may be waived by the administrator or executor of the estate of the deceased patient.

3. *Unsuitability.* We now consider whether, on the basis of the record before him, the probate judge had a duty to remove the defendant as executor of his wife's estate. We conclude that he did, and that it was error not to remove the defendant as executor.

General Laws c. 195, § 11, provides that the Probate Court may remove, sua sponte, an executor or administrator if he is unsuitable. Indeed, the Probate Court has a duty to act where "evidence establish[es] the obvious unsuitability of the [executor or administrator]." *Clymer* v. *Mayo, supra* at 763. A finding that an executor or administrator is unsuitable "may . . . be based upon the existence of an interest in conflict with his duty, or a mental attitude toward his duty . . . that creates reasonable doubt whether the executor or administrator will act honorably, intelligently, efficiently, promptly, fairly and dispassionately in his trust." *Quincy Trust Co., supra* at 197. We have stated that "[a]n administrator 'is deemed unsuitable when he has *any* conflicting personal interest which prevents him from doing his official duty' " (emphasis added). *Comstock* v. *Bowles,* 295 Mass. 250, 258 (1936), quoting *Putney* v. *Fletcher,* 148 Mass. 247, 248 (1889).

The following undisputed facts were presented to the Probate Court: the Commonwealth was investigating the death of Nancy Magraw; the defendant was a suspect in her death; the Commonwealth sought information "regarding the relationship between Mr. and Mrs. Magraw"; the defendant refused to waive the decedent's attorney-client and psychotherapist-patient privileges, thereby precluding the decedent's attorney and psychotherapist from testifying before a grand jury. We conclude that such facts illustrate an obvious conflict of interest. The defendant, as a suspect in his wife's death, has an interest in keeping from authorities any information which has the possibility of inculpating him. This interest certainly "creates reasonable doubt" that he honestly,

fairly, and dispassionately could execute his responsibilities as executor of his wife's estate. In particular, his personal circumstances present reasonable doubt that he could dispassionately decide whether to waive on behalf of his wife's estate her attorney-client and psychotherapist-patient privileges.

It was plainly wrong for the probate judge not to act in the face of the allegations and evidence presented before him. Cf. *Machado* v. *Brown*, 336 Mass. 758 (1957). The case is remanded to the Probate and Family Court where an order will be entered removing the defendant as executor of the estate of Nancy B. Magraw.

*So ordered.*