LORING P. JORDAN, administrator *de bonis non* with the will annexed, *vs.* JAMES H. TURNBULL & another.

Middlesex.    March 23, 24, 1922. — July 1, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

Probate Court, Decree, Guardian *ad litem,* Revocation of decree. *Executor and Administrator.*

A decree of the Probate Court allowing the final account of the administrator with the will annexed of a testator whose will established a trust in which issue then unborn of beneficiaries then living might become interested is invalid if no guardian *ad litem* for such unborn issue is appointed as required by G. L. c. 206, § 24, and it does not appear that the contingency of the birth of such issue could not occur.

The validity of the appointment of an administrator with the will annexed of the

estate of a testator not already administered cannot be attacked in defence of a petition by him for revocation of a decree allowing the final account of his predecessor in office.

An administrator with the will annexed of the estate of a testator not already administered as a part of his official duties necessarily connected with the settlement of the estate may maintain a petition for revocation of a decree allowing the final account of his predecessor in office.

G. L. c. 206, § 19, establishing a statutory limitation of six months within which a petition must be filed for the reopening of an account which has been allowed in the absence of parties interested, is inapplicable where those who may be affected are not in being and is not a bar to a petition by an administrator with the will annexed of the estate of a testator not already administered for revocation of a decree allowing the final account of the petitioner's predecessor in office, entered more than six months before without the appointment of a guardian *ad litem* which was necessary in the circumstances.

Petition, filed in the Probate Court for the county of Middlesex on May 14, 1920, by the administrator with the will annexed of the estate not already administered of Edmund M. Wood, late of Natick, for revocation of a decree of that court entered on June 24, 1919, allowing the final account of the respondents, predecessors of the petitioner.

The petition was heard by *L. E. Chamberlain,* J. The respondents made an offer of proof relating to the validity of the appointment of the petitioner and asked for twenty-three rulings, contending that the appointment of the petitioner was invalid and was open to attack in these proceedings and that, even if it were valid, the petitioner had no standing to institute or maintain the petition for revocation; that the failure of the Probate Court to appoint a guardian *ad litem* or next friend in connection with the allowance of the respondent's final account did not render the decree allowing the account invalid as a matter of law, and that this petition for revocation was not brought seasonably.

The judge refused to give any of the requests for rulings, excluded the offer of proof and refused to admit any evidence thereunder, and, upon the sole ground that issue who might be born to the three children of the testator were not represented by a guardian *ad litem* or otherwise in the proceedings on the final account, entered a decree revoking the decree of June 24, 1919, and ordered the account to stand for hearing.

The respondents appealed.

*J. P. Fagan,* (*C. G. Clarke* with him,) for the respondents.

*G. M. Poland,* for the petitioner.

BRALEY, J.  The respondents' final account as administrators *de bonis non* with the will annexed of Edmund M. Wood was allowed by decree of the court of probate June 24, 1919, and upon their resignation accepted by the court, the petitioner, appointed May 13, 1920, brought on May 14, 1920, a petition for revocation of the decree.  The grounds alleged are: that an item in the account relating to the sale of certain shares of stock forming a substantial part of the estate was false, and the allowance of the account was fraudulently procured, and also that no guardian *ad litem* had been appointed to represent the interests of persons unborn who might be entitled under the testator's will to share in the trust fund.  The trial, however, was limited to the second issue, and a decree of revocation having been entered the case is here on the respondents' appeal.

The first article of the will appoints trustees to whom by the fifth article is given "two thirds of the residue of my property in trust to hold and safely invest the same and of the net income thereof to pay one quarter to my wife and one quarter to each of my three children during their joint lives.  Upon the death of my wife or upon the death of either of my children leaving no issue or if either my wife or any child of mine leaving no issue shall have died before me I direct my trustees to divide the said net income equally among the survivors of my wife and my children as long as any of them shall live provided however, that either of my children by will made either before or after my death may appoint the share of my estate which under this article he or she if surviving would have been entitled to receive the income to such person or persons and upon such trusts as he or she shall see fit and my executors or trustees shall transfer convey and pay over such share of the principal trust fund upon my death if such child shall not survive me otherwise upon such childs death according to such appointment but if either of my children whether before or after my death shall die leaving issue surviving and without having made such appointment the share of income which such child if living would from time to time have taken shall be paid to such issue  Upon the death of the last survivor of my wife and children if there shall be issue of more than one of my children then surviving I direct that the principal of the fund then held in trust not otherwise appointed as hereinbefore

provided including any undivided accumulation of income shall be divided among the issue of my children and paid over transferred or conveyed accordingly but if at the time of such last survivor's death there shall be issue of only one of my children surviving I direct that the whole principal not otherwise appointed shall be paid to the said issue  In every case where under this or any of the articles of my will a gift is made to issue such issue shall take according to the stock and not per capita and the words 'net income' wherever used shall be construed to mean the income after deducting all proper expenses and charges of administering the trust."

It is contended by the respondents that all the living heirs or persons interested in the estate having assented, the final decree cannot be vacated.  But a valid testamentary trust had been created which had not been terminated, and under which unless there was an absolute failure of issue of his children,  the principal at the death of his widow and the last surviving child is to be divided among the issue of "my children" or "if there shall be issue of more than one of my children then surviving . . . the whole principal not otherwise appointed shall be paid to the said issue." *Conant* v. *St. John*, 233 Mass. 547. It is manifest that, even if all the children and grandchildren were living at the date of the allowance of the account, the contingency of the birth of a grandchild or grandchildren is not shown by the record to be an event which in the efflux of time could not occur.  It was therefore necessary that the interests of unborn grandchildren should be represented by a guardian *ad litem* before the account could lawfully be allowed.  R. L. c. 150, § 22 (see now G. L. c. 206, § 24).  *Neafsey* v. *Chincholo*, 225 Mass. 12.

The decree being invalid, the estate has not been fully settled and administered by the respondents, and the amount of the trust fund if any ascertained.  The petitioner whose appointment as administrator *de bonis non* with the will annexed is not open to collateral attack, can maintain the petition as part of his official duties necessarily connected with the settlement of the estate.  *Connors* v. *Cunard Steamship Co. Ltd.* 204 Mass. 310. *Blake* v. *Dexter*, 12 Cush. 559, 569.

It is contended that the petition was filed too late, and R. L. c. 150, § 17, as amended by St. 1907, c. 438, § 1 (see now G. L.

c. 206, § 19), is cited. But the statutory limitation of six months within which a petition must be filed for the reopening of an account which has been allowed in the absence of parties interested is inapplicable where those who may be affected are not in being. The statute was intended to apply only to those persons who by appropriate action could protect their rights by opposing the allowance of an account of an executor, administrator, guardian, conservator or trustee. See *Renwick* v. *Macomber*, 233 Mass. 530.

The requests in so far as argued were denied rightly and the decree revoking the decree of June 24, 1919, and ordering the account of the respondents to stand for further hearing should be affirmed.

*So ordered.*