JOHN A. McKAY & another, trustees, *vs.* AUDUBON SOCIETY, INC., & others.

Middlesex.     May 10, 1945. — July 3, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Probate Court,* Appeal, Suit for interpretation of instrument. *Equity Pleading and Practice,* Appeal, Suit for interpretation of instrument. *Devise and Legacy,* Heirs at law, Remainder, Time of vesting. *Trust,* Distribution.

A trustee under a will, petitioning the Probate Court in equity under G. L. (Ter. Ed.) c. 215, § 6B, inserted by St. 1935, c. 247, § 1, for an interpretation of the will as to the persons who would be entitled to certain trust property in distribution at the termination of the trust in the future, was entitled to appeal from the decree entered on the petition where such interpretation determined the question whether appointments of guardians ad litem would be necessary for the proper settlement of the trustee's accounts and therefore involved a present duty of the trustee in the administration of the trust.

A testator, who left no issue and who in his will, after providing for his wife by outright gifts and a life interest in a residuary trust, provided that upon termination of the trust at her death certain of the trust property, in default of appointment by her, should go "as though I died at the time of distribution intestate as to this property," intended that the persons entitled to such property under the quoted provision should be his heirs ascertained as of the time of the termination of the trust and not as of the time of his death.

Under a will establishing a trust for the testator's niece for life, with provisions that "only after . . . [her] death" should the trust property be distributed to and become a part of a residuary trust established for the benefit of the testator's widow for life and to be distributed at her death, the class of persons entitled to share in the distribution of the entire residuary trust, including the property of the niece's trust, should be determined as of the time of the widow's death, whether or not she survived the niece; but in the event that the widow predeceased the niece, a partial distribution of the residuary trust consisting of the property held therein at the time of the widow's death should then be made to persons so determined, and final distribution consisting of the property of the niece's trust should be made to the same persons at the niece's death.

PETITION, filed in the Probate Court for the county of Middlesex on January 18, 1944.

The case was heard by *Monahan*, J., who entered a decree "that said heirs at law are to be determined as of the time of the death of the life tenant, said Marguerite A. Blank, when the trust shall terminate and distribution be made under G. L. (Ter. Ed.) c. 190." The petitioners appealed.

*J. M. Joslin*, for the petitioners.

*G. F. McKelleget* permitted to file a brief as next friend.

RONAN, J. This is an appeal from a final decree entered upon a petition in equity under G. L. (Ter. Ed.) c. 215, § 6B, inserted by St. 1935, c. 247, § 1, brought by the trustees under the will of Philip J. Blank, who died in 1923, leaving his widow, Marguerite A. Blank, one of the petitioners, two brothers, a sister, and two children of a deceased sister. The judge found all the facts to be as stated in the petition, and that Marguerite A. Blank had released the power of appointment given to her by the will. He entered a decree that the residue of the trust is to be distributed under G. L. (Ter. Ed.) c. 190 at the death of Marguerite A. Blank to those who are determined as of that time to be the heirs at law of the testator.

The first seven clauses of the will provided for the appointment of the executors and trustees, devised certain real estate to his brothers, bequeathed $1,000 to a friend, and gave the household effects and a life estate in the homestead — later changed by a codicil to a fee — and a legacy of $2,000 to his widow. The eighth clause established a trust in a parcel of real estate for the benefit of his niece, Gretchen Blank. She had the right to occupy it, or to receive the rent, or to have it sold and to receive the income from the proceeds. The property upon her death was to become a part of the residuary trust. By the ninth clause of his will the testator created a trust of the residue for the benefit of his wife, who was to receive the income and so much of the principal as might be necessary for her comfortable support. After her death, the trustees were to distribute the trust fund among five classes of legatees,

designated as A, B, C, D, and E, respectively. Distribution was to be made in full to all the members of a class in the above order before distribution was made to the members of the next succeeding class. With reference to the distribution of the property held in trust for Gretchen Blank, the will provided that "distribution of the property included in the Eighth Clause of my will, [was] to take place only after the death of the beneficiary named therein." After the payment in full of all the legacies included in the said five classes specified in the ninth clause, the balance of the residuary trust fund, if any, was to be disposed of in accordance with the following provision: "Ninth . . . Class E . . . (13) Any residue to such persons as my wife, Marguerite A. Blank, may by will appoint, or in default of appointment, as though I died at the time of distribution intestate as to this property."

The respondent Mr. McKelleget, who has been appointed the next friend of all persons not ascertained or not in being who may have an interest in the said estate, contends that the petitioners have no right to appeal. Only those who are aggrieved by an "order, decree or denial" of the Probate Court may appeal to this court. G. L. (Ter. Ed.) c. 215, § 9. Under that statute a person is aggrieved if some pecuniary interest or personal right of his has been adversely affected, or if some public or official duty of his has been restricted or impaired by such order, decree or denial. *Lawless* v. *Reagan,* 128 Mass. 592. *Monroe* v. *Cooper,* 235 Mass. 33. *Weston* v. *Fuller,* 297 Mass. 545. *Bolster* v. *Attorney General,* 306 Mass. 387, 389. *Ballard* v. *Maguire,* 317 Mass. 130. The present proceeding is not a petition for instructions, where the petitioners stand indifferent as to which of the conflicting contentions of those interested in the estate shall prevail. Neither is it a petition of interpleader, where the petitioners are merely stakeholders. This petition seeks the interpretation of a will concerning a matter directly connected with the proper administration of a trust by the petitioners. They are bound to conserve the assets of the trust and to avoid unnecessary expenses. They are re-

quired to file accounts in the due performance of their duties. They are entitled to have their accounts settled by decrees binding all persons who are interested in the estate. If those who are to take the residue of the trust funds at the termination of the trust are the heirs at law of the testator at the time of his death, then the only persons interested in the allowance of the accounts are readily ascertainable and may easily be made parties to all proceedings relative to the allowance of the accounts; but if the heirs are to be determined as of the time of distribution of the trust funds, then the allowance of accounts will involve interests of persons unascertained or unborn and they should be represented by a guardian ad litem if decrees are to be properly entered upon the accounts. G. L. (Ter. Ed.) c. 206, § 24, as revised by St. 1938, c. 154, § 1. *Morse* v. *Hill*, 136 Mass. 60. *Collins* v. *Collins*, 140 Mass. 502. *Neafsey* v. *Chincholo*, 225 Mass. 12. *Jordan* v. *Turnbull*, 242 Mass. 317. *Waitt* v. *Harvey*, 312 Mass. 384, 395–396. Accordingly the petitioners have an interest in having determined the question whether the appointments of guardians ad litem are necessary for the allowance of successive accounts, in order that the decrees thereon may be lawfully entered and have the force and effect of ordinary decrees made by Probate Courts and that the trust estate may be saved the expenses of various guardians ad litem if their appointments are unnecessary. The question presented deals with the performance of a present duty arising out of the administration of the residuary trust by the petitioners, and they stand in such a relation to the subject matter that they have a right to appeal. *Ripley* v. *Brown*, 218 Mass. 33. *Jordan* v. *Turnbull*, 242 Mass. 317. *Locke* v. *Old Colony Trust Co.* 289 Mass. 245. *Doane* v. *Bigelow*, 293 Mass. 406. *Warren* v. *Sears*, 303 Mass. 578.

The widow released the power of appointment over the balance of the money that might remain in the residuary trust after the payments which were to be made upon the termination of the trust. G. L. (Ter. Ed.) c. 204, §§ 27–36, inclusive, inserted by St. 1943, c. 152. She having given up her right to exercise the power, the question arises

whether the interests in this balance of the trust became vested in those who were the testator's heirs at law at the time of his death, or whether the persons who are to take are those who will take under the statute of descent and distribution at the time fixed for the distribution. Since the answer to that question seems to us clear and there are advantages in a present decision, we think that in this case the discretion of the Probate Court was not improperly exercised by giving an answer.

It is a general rule that the heirs of a testator are to be determined as of the time of his death. It is the general rule that wills containing provisions for the distribution of property among the heirs of a testator upon the termination of legal or equitable life estates are to be construed as vesting interests in the heirs at the death of the testator. *Gilman* v. *Congregational Home Missionary Society*, 276 Mass. 580. *Robertson* v. *Robertson*, 313 Mass. 520. *Tyler* v. *City Bank Farmers Trust Co.* 314 Mass. 528. *National Shawmut Bank* v. *Joy*, 315 Mass. 457. But this rule is one of construction, which is to be followed only in so far as it aids in ascertaining the intent of the testator, and the rule must not be permitted to defeat the intent of a testator as shown by an examination of the entire will. *Old Colony Trust Co.* v. *Washburn*, 301 Mass. 196. *Robertson* v. *Robertson*, 313 Mass. 520. *Agricultural National Bank* v. *Miller*, 316 Mass. 288. His intent when ascertained must be given effect unless prevented by some positive rule of law. That is the cardinal principle underlying the interpretation of wills to which all other canons of interpretation must yield. *Ware* v. *Minot*, 202 Mass. 512. *Fitts* v. *Powell*, 307 Mass. 449. *Agricultural National Bank* v. *Miller*, 316 Mass. 288.

In ascertaining the intent of the testator the structure of the will and the plan for the disposition of his property are to be considered together with the circumstances attending the execution of the will. The testator left no issue. His first thought was for the welfare of his widow. He gave her the home and its contents and a small bequest. He then provided that she should have the income of the residuary trust and also such part of the principal of that trust as

might be necessary for her comfortable support. He apparently thought that he had made adequate provisions for her during her life, and he did not intend that she as an heir or otherwise should take any more of his estate than he had expressly given to her. The power of appointment which he gave to her over the residue of the trust indicates that he did not intend that she should have any proprietary interest in the residue. *Warren* v. *Sears*, 303 Mass. 578, 582, 583. *Commissioner of Corporations & Taxation* v. *Baker*, 303 Mass. 606, 612. But the most persuasive evidence of his intent is the words that the testator used to express his purpose. In default of the power of appointment the persons who were to take are those who take "as though I died at the time of distribution intestate as to this property." In *Heard* v. *Read*, 169 Mass. 216, 219, 224, where the testator provided that upon the death of the life beneficiary without issue one half of the trust property was to be "divided among my heirs at law, as though I died intestate," the words quoted were construed to mean "as though I then died intestate." Somewhat similar language was used in *Welch* v. *Howard*, 227 Mass. 242, and in *Warren* v. *Sears*, 303 Mass. 578. It was held in these three cases that the heirs were to be determined as of the death of the life beneficiary. In the instant case the residue of the trust is to be distributed to those who would have been his heirs if he had died immediately after his widow. See also *Fargo* v. *Miller*, 150 Mass. 225; *Wood* v. *Bullard*, 151 Mass. 324; *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35; *White* v. *Underwood*, 215 Mass. 299; *Carr* v. *New England Anti-Vivisection Society*, 234 Mass. 217; *Boston Safe Deposit & Trust Co.* v. *Waite*, 278 Mass. 244; *Worcester County Trust Co.* v. *Marble*, 316 Mass. 294; *Taylor* v. *Albree*, 317 Mass. 57. Such heirs not being ascertainable until the death of the widow, there is need of the appointment of a guardian ad litem to represent the interests of unascertained persons, and maybe of persons unborn, in the matter of the allowance of the accounts to be filed by the petitioners as trustees.

One more matter remains to be considered. The trust

for the benefit of Gretchen Blank is of small value. It is stated by counsel that the trust property has been converted into cash and that she receives the income therefrom. She is probably younger than her aunt, Marguerite A. Blank, the life beneficiary of the residuary trust, and it is probable that Gretchen will outlive her aunt. The testator recognized this probability and provided that, if his widow should predecease Gretchen, the property held in trust for Gretchen should not be distributed until her death, when it was to become a part of the residuary trust. If Gretchen predeceases the aunt, the property in the trust created for Gretchen's benefit under the eighth clause will become a part of the residuary trust at Gretchen's death, and all the residuary trust will be distributed at the death of the aunt; but if the aunt dies before Gretchen, then partial distribution of the residuary trust will be made at the aunt's death and will not include the property in the trust for Gretchen under the eighth clause, *Springfield Safe Deposit & Trust Co.* v. *Friele,* 304 Mass. 224, 227; *Ames* v. *Hall,* 313 Mass. 33, 37, and final distribution should be made on the death of Gretchen. It is plain that the testator intended that the interests in all the residue should vest in those who will be his heirs at the death of his widow, even though the trust property held for the benefit of Gretchen was not to be distributed until the death of the latter. He fixed one time for the ascertainment of those who were to have an interest in the residue of the trust. He treated the residue as a unit and provided for its final disposition. He gave to his widow a power of appointment over the entire residue, and if she failed to exercise the power then he provided for its distribution among those who would be his heirs at the time of her death. He did not intend that this property should vest in different classes at different times. *Whitman* v. *Whitney,* 228 Mass. 18, 25. *Thompson* v. *Clarke,* 264 Mass. 56, 59. *Clark* v. *Boston Safe Deposit & Trust Co.* 315 Mass. 97, 101. *Taylor* v. *Albree,* 317 Mass. 57.

It follows that the final decree must be modified by striking out the last sentence in the decree and substituting therefor the following: After hearing and consideration,

the court doth order and decree that said heirs at law are to be determined as of the time of the death of the life tenant, said Marguerite A. Blank, when the trust shall terminate and distribution of the balance, if any, remaining after the payment of the legacies in the order designated in the ninth clause, shall be made under the statute of descent and distribution then in effect; that if Marguerite A. Blank dies before Gretchen Blank, distribution of so much of the trust property as is held for the benefit of said Marguerite A. Blank shall then be made in the above manner; and further that in that event the trust property held for the benefit of the said Gretchen Blank shall upon her death be distributed in the above manner among the heirs at law of the testator determined as of the time of the death of said Marguerite A. Blank.   As so modified the decree is affirmed.

*So ordered.*