**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff, Appellee,**

v.

**GRUPO GIROD CORPORATION, et al., Defendants, Appellees.**

**Appeal of Enrique N. VELA-COLON, Defendant.**

**No. 88–1574.**

United States Court of Appeals, First Circuit.

Heard Nov. 3, 1988.

Decided March 8, 1989.

As Amended March 16, 1989.

Carlos E. Jimenez, Old San Juan, P.R., for defendant.

Gustavo A. Gelpi, Old San Juan, P.R., with whom John David Ferrer, Burke, Va., Rae Schupack, Nancy Pujals, Hato Rey, P.R., and Feldstein, Gelpi, Hernandez & Gotay, Old San Juan, P.R., were on brief for plaintiff, appellee.

Before CAMPBELL, Chief Judge, and WISDOM,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

WISDOM, Senior Circuit Judge:

This case involves the attempt of the Federal Deposit Insurance Corp. (FDIC) to collect a portion of the principal amount, plus interest, of a demand promissory note acquired by it in a purchase and assumption transaction from its insured, the Girod Trust Company (the Bank). The district court granted summary judgment in favor of the FDIC based on its finding that the FDIC, in its corporate capacity, having purchased the note from the FDIC as receiver for the Bank, is a holder in due course under Puerto Rican law. The FDIC also contended, by motion for a summary judgment, that it is entitled to recover under 12 U.S.C. § 1823(e) and related case law that protects the FDIC against certain secret agreements tending to defeat the FDIC's interest in assets acquired from insured banks. The district court concluded that the existence of a section 1823(e) secret agreement was "too much to infer on a motion for summary judgment". We agree with the district court's denial of summary judgment on the basis of section 1823(e),[1] but we conclude that genuine issues of material fact remain as to whether the FDIC is a holder in due course on the promissory note at issue here. We, therefore, reverse the district court's award of summary judgment and remand the case for further proceedings.

Under Federal Rule of Civil Procedure 56(c) summary judgment is proper when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law".[2] In determining whether a material fact is disputed, a court must examine the record "in the light most favorable to ... the party opposing the motion". *Poller v. Columbia Broadcasting System*.[3] The moving party bears the burden of showing the lack of a factual dispute as to material issues raised by the pleadings. *Emery v. Merrimack Valley Wood Products, Inc.*[4] A material issue is raised when alleged facts, if proved, constitute a valid claim or defense. *Federal Deposit Insurance Corp. v. Fonseca.*[5]

In its memorandum in support of its motion for summary judgment the FDIC relied almost exclusively on the argument that 12 U.S.C. § 1823(e) affords it recovery against the defendants who are the makers of a $140,000 demand promissory note issued to purchase a Piper Seneca airplane. Although in its summary judgment memorandum the FDIC asserted, without elaboration, that it is a holder in due course on the note, it made no such allegation in its complaint.[6] In their response to the FDIC's motion, the defendants argued in part that their payment of the note, as evidenced by the bank's loan ledger, is a defense to the FDIC's claim. If section

---

* Of the Fifth Circuit, sitting by designation.

1. Notwithstanding the broad protections accorded by the federal statute or decisions such as *D'Oench, Duhme & Co., v. F.D.I.C.,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) and *Langley v. F.D.I.C.,* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), we find that the FDIC has not shown the lack of a genuine dispute about whether the defendant agreed or lent himself to a scheme to mislead the Bank or the FDIC about the viability of the note.

2. *See also Santoni v. F.D.I.C.,* 677 F.2d 174, 177 (1st Cir.1982).

3. 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1972).

4. 701 F.2d 985, 991 (1st Cir.1983).

5. 795 F.2d 1102, 1106 (1st Cir.1986) (citing *F.D.I.C. v. Lauterbach,* 626 F.2d 1327, 1335 (7th Cir.1980)).

6. The complaint states only that the defendants are liable as makers on the allegedly unpaid note.

1823(e) is inapplicable and the FDIC is not a holder in due course, the defendants' payment of the note, if proved, constitutes a valid defense.

Under Puerto Rican law, a holder in due course is a holder of a negotiable instrument who:

(1) Took an instrument that is complete and regular on its face;

(2) Became the holder before the instrument was overdue, and without notice that it had been previously dishonored, if such was the fact;

(3) Took the instrument in good faith and for value;

(4) Had no notice at the time of negotiation of any infirmity in the instrument or defect in the title of the person negotiating it.

P.R. Laws Ann. tit. 19 § 92.

Although under Puerto Rican law a holder of a note is a prima facie holder in due course,[7] each element of the holder in due course criteria represents a material fact, which if genuinely disputed, precludes summary judgment in favor of the holder. At the summary judgment stage neither the FDIC nor defendant-appellant Enrique Vela–Colon addressed the question whether each of these requirements is satisfied in this case. We are mindful that there is judicial support for a district court to grant summary judgment in appropriate circumstances on the basis of a legal theory different from that relied on by the parties.[8] In doing so, however, a district court is confined to applying "the law to the facts *as established* in the litigants' papers".[9] Professors Wright and Miller discuss this point:

Once it is determined that there is no genuine issue as to any material fact and that a party is entitled to the benefit of a judgment as a matter of law, judgment should be entered even though the legal principles relied upon by the court may differ from those that have been urged upon it by the litigants. *Nevertheless, a court should be cautious in this situation in as much as there is a greater possibility of error when the opposing party, who may be able to demonstrate that a genuine issue exists, has not done so because the facts relating to the particular legal principles urged by the movant were not in issue.* Therefore, the court normally should give the parties notice when it intends to rely on a legal doctrine or precedents other than those briefed and argued by the litigants.[10]

In this case the court did not notify the litigants of its intention to rely on the holder in due course doctrine. Moreover, examining the record in the light most favorable to the opposing party we are confronted with several unresolved material factual issues that make summary judgment inappropriate in this case. First, the FDIC acquired the $140,000 demand promissory note about two and one-half years after the note was issued by the defendants. Neither the parties nor the district court refer to any authority or otherwise address the issue whether the two and one-half year old demand promissory note was overdue when the FDIC acquired it. Under Puerto Rican law, "[w]here an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course".[11] The Act further provides that

[I]n determining what is a "reasonable time" or an "unreasonable time", regard is to be had to the nature of the instrument, the usage of trade or business (if

---

7. P.R.Laws Ann. tit. 19 § 99.

8. *See, e.g., Broderick Wood Prods. Co. v. U.S.,* 195 F.2d 433, 436 (10th Cir.1952); *Board of Nat. Missions of Presbyterian Church in the U.S. v. Smith,* 182 F.2d 362, 364–65 (7th Cir.1950).

9. 10A Wright and Miller, Federal Practice and Procedure: Civil § 2725 at 104 (emphasis added).

10. 10A C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2725 at 112 (1983). *See also Ware v. Trailer Mart, Inc.,* 623 F.2d 1150, 1154 (6th Cir.1980) (denying summary judgment because "trial court neither exercised caution nor notified the parties of its intention to base summary judgment" on the ground it relied on).

11. P.R. Laws Ann. tit. 19 § 93.

any) with respect to such instruments, and the facts of the particular case.[12] There are no Puerto Rico Supreme Court decisions applying this provision. Indeed the question of what is a reasonable length of time after issuance to negotiate a demand promissory note is an unsettled area of the law.[13] That neither the district court nor the parties addressed this issue militates against summary judgment.

Second, there is a question whether the FDIC had actual notice of an infirmity in the instrument which would preclude it from being a holder in due course.[14] Although the FDIC contends that it became aware of the defendants' payment defense after this suit was initiated, it does not deny that the loan ledger pertaining to the defendants' loan is stamped "paid" or that the loan ledger is an official bank record. In the light of the defendants' assertion that the FDIC had audited the Bank's books on an annual basis for several years and the lack of record evidence establishing absence of knowledge by the FDIC, this material factual issue remains unresolved.

Third, although the intra-FDIC transfer appears to meet the good faith requirement,[15] the FDIC's good faith in acquiring the note through the purchase and assumption transaction is not certain from the record. The promissory note was found not in its own file but in a collateral file of a Grupo Girod Corp. loan pertaining to the same airplane. The defendants' note was issued to purchase the Piper Seneca in February 1982 and the Grupo Girod Corp. note was issued almost a year later to acquire the same airplane. There is no evidence that the defendants agreed to act as sureties on the Grupo Girod Corp. debt. Thus, there is at least an unresolved question whether the FDIC relied in good faith on the face of the defendants' two and one-half year old demand promissory note found in a file with an unrelated entity's loan issued to purchase the same plane. Although it is by no means conclusive evidence, the FDIC's good faith reliance on the face of the promissory note is also called into question by its decision to seek an amount equal to the deficiency owed on the Grupo Girod Corp. note after the foreclosure sale of the airplane. If the FDIC is a holder in due course on the defendants' note, it is legally entitled to collect the face amount of the note, $140,000, which it presumably relied on as the value of the note in determining the appropriate purchase price for the Bank's assets.

The holder in due course theory of recovery was not discussed by the parties in the district court. The district court neither advised the parties of its intention to base its decision on this ground nor did it make specific findings that the record showed no disputed factual questions about any of the elements required for holder in due course status. The court did, however, observe that it is unusual for a court to rely on the holder in due course doctrine to protect the FDIC's interests in assets obtained in a purchase and assumption transaction from an insured bank. In the light of the factual issues disclosed in the record, the parties' reliance on other legal theories, and the court's lack of advice regarding its intention, we conclude that summary judgment was improper because the defendant may be able to demonstrate that a genuine issue of material fact exists.[16] We, therefore, REVERSE the district court's judgment and remand the case to the district court for proceedings consistent with this opinion. The plaintiff's right to rely on the holder in due course doctrine and its con-

12. P.R. Laws Ann. tit. 19 § 383.

13. One commentator has observed:
    In the absence of a legislatively defined reasonable period, it is impossible to reconcile the conflicting case law as to what is a reasonable time period....
    Murray, *Overdue Demand Promissory Notes and the Holder in Due Course: A Comparative Study*, 88 Com.L.J. 438, 439 (1983).

14. *See* P.R.Laws Ann. tit. 19 § 96.

15. *See generally Gunter v. Hutcheson*, 674 F.2d 862, 873–74 (11th Cir.1982) *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); *F.D.I.C. v. de Jesus Velez*, 678 F.2d 371, 374 (1st Cir.).

16. *See generally* 10A C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2725 at 112 (1983); *Ware v. Trailer Mart, Inc.*, 623 F.2d 1150, 1154 (6th Cir.1980).

tention as to federal protection under 12 U.S.C. § 1823(e) and under *D'Oench Duhme & Co. v. FDIC*,[17] and its progeny are preserved.

17. 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956     (1942).