SUNBELT SAVINGS, FSB, DALLAS, TEXAS, Plaintiff,

v.

AMRECORP REALTY CORPORATION and Sherwood Blount, Defendants/Third–Party Plaintiffs,

v.

SUNBELT SERVICE CORPORATION, Third–Party Defendant,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Sunbelt Savings Association of Texas, Receiver.

Civ. A. No. CA3–88–2235–D.

United States District Court, N.D. Texas, Dallas Division.

Aug. 3, 1990.

Thomas E. Kurth, Jack N. Ross, and Jeffrey S. Rosenblum of Haynes & Boone, Dallas, Tex., for Sunbelt Sav., FSB.

---

**6.** *See supra* note 5.

Phillip J. Conley of Miller, Hiersche, Martens & Hayward, P.C., Dallas, Tex., for Amrecorp Realty Corp. and Sherwood Blount.

FITZWATER, District Judge:

Sunbelt Savings, FSB ("New Sunbelt") moves the court to reconsider its holding in *Sunbelt Sav., FSB v. Amrecorp Realty Corp.*, 730 F.Supp. 741 (N.D.Tex.1990), that the Federal Deposit Insurance Corporation ("FDIC") must comply with the traditional requirements in order to qualify as a holder in due course. New Sunbelt contends reconsideration is warranted by virtue of the Fifth Circuit's subsequent opinion in *Campbell Leasing, Inc. v. FDIC*, 901 F.2d 1244 (5th Cir.1990).

In *Amrecorp* the court accorded the Federal Savings and Loan Insurance Corporation ("FSLIC"), and derivatively the FDIC, status as a holder in due course when it acquires an asset of a failed institution and engages in a purchase and assumption transaction. 730 F.Supp. at 746. The court rejected, however, the contention that the FSLIC does not have to comply with the "traditional holder in due course requirements," *id.* at 745–46. Instead, the court determined the FSLIC must "acquire the asset in good faith and without actual knowledge of defenses." *Id.* at 746.

In *Campbell Leasing*, which was decided after *Amrecorp*, the Fifth Circuit applied the federal holder in due course doctrine to defeat borrowers' defenses to enforcement of a promissory note even though the borrowers alleged the FDIC had notice the note was overdue at the time the note was acquired. 901 F.2d at 1249. The *Campbell Leasing* panel emphasized the role the holder in due course doctrine plays in minimizing harm to depositors, creditors, and shareholders, and accordingly held that the "FDIC and subsequent note holders enjoy holder in due course status whether or not

they satisfy the technical requirements of state law." *Id.*

This court interprets the holding of *Campbell Leasing* to undercut *Amrecorp's* retention of the traditional holder in due course requirements. In determining that notice of dishonor does not preclude the FSLIC's holder in due course status, the Fifth Circuit expressly abrogated one of the three traditional requirements. Under Model Uniform Commercial Code § 3.302, a holder in due course is a holder who takes an instrument for value, in good faith, and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. *Campbell Leasing* can be read as abrogating only the notice of dishonor requirement, but the clear import of the opinion is that the FDIC need not meet *any* traditional requirement for holder in due course status. While the Fifth Circuit's interpretation is broader than the holder in due course rules utilized in other circuits, *see, e.g., FDIC v. Grupo Girod Corp.*, 869 F.2d 15, 16–18 (1st Cir.1989) (applying Puerto Rican law to defeat FDIC's holder in due course status); *FDIC v. Turner*, 869 F.2d 270, 273 (6th Cir.1989) (retaining traditional requirements of good faith and knowledge); *FDIC v. Gulf Life Ins. Co.*, 737 F.2d 1513, 1518 (11th Cir.1984) (same), the court can discern no principled basis for concluding that knowledge of defenses precludes holder in due course status but knowledge of notice of dishonor does not.

The court therefore grants the motion to reconsider and holds that both the FDIC and New Sunbelt[1] are entitled to the protections afforded a holder in due course.[2]

SO ORDERED.

---

1. New Sunbelt is entitled to such status as a subsequent holder. *Campbell Leasing,* 901 F.2d at 1249.

2. Because any additional discovery on the issue of the FSLIC's knowledge is irrelevant, the court

grants the FDIC's pending motion for a protective order. New Sunbelt's pending motion to compel *in camera* inspection is denied as moot. The pending motions for summary judgment are deemed ripe for decision today.