MILTON S. ALTSHULER *vs.* AGNES MINKUS-WHALEN, administratrix.
No. 90-P-625. October 23, 1991. *Probate Court*, Accounts, Appeal, Revocation of judgment, Removal of fiduciary. *Executor and Administrator*, Removal.

This is an appeal by Agnes Minkus-Whalen from a decree of the Probate and Family Court removing her as administratrix and revoking the allowance of her final account.

We summarize the pertinent facts, which are not in dispute. Agnes Minkus-Whalen was appointed administratrix of the estate of Stephen J. Minkus. The petition for administration listed three first cousins as his heirs: Bernard J. Minkus, Alexander Minkus, and Peter W. Minkus. On or about May 13, 1989, the administratrix and her attorney received notice from the Altshuler Genealogical Service, through its attorney, claiming that it had discovered in Lithuania eleven additional heirs who stood in the same degree of kinship as the three heirs named in the petition for administration. At that time, the administratrix had not filed any accounts. Neither an appearance nor a notice under G. L. c. 206, § 24,[1] had been filed by the Altshuler Genealogical Service or any additional heirs. See *DeSautels, petitioner*, 1 Mass. App. Ct. 787, 791-793 (1974), for discussion of the problems attendant upon the identification of an intestate's heirs in Lithuania and distribution of the intestate's estate to them.

Without disclosing to the court the alleged existence of additional heirs, on May 18, 1989, the administratrix filed her first and final account, dated May 5, 1989. The account listed distributions of $100,000 on June 4, 1988, $30,000 on December 5, 1988, and $2,248.66 on May 4, 1989, to each of the two surviving heirs and the executrix of the third named in the petition for administration. Since the account contained the written assent of the two surviving heirs and executrix of the estate of the third named in the petition, it was allowed on May 19, 1989, without notice. G. L. c. 206, § 24. Mass.R.Civ.P. 72(a), 371 Mass. 910 (1977).

On July 6, 1989, Milton S. Altshuler of the Altshuler Genealogical Service obtained powers of attorney from eight additional heirs, who stood in the same degree of kinship as those named in the original petition for administration. On July 24, 1989, he commenced this proceeding requesting that the decree dated May 19, 1989, allowing the first and final account be vacated. Both parties filed motions for summary judgment. The judge found that the failure to disclose the alleged existence of additional heirs of the estate at the time of the presentment to the court of the petition for the allowance of the first and final account constituted fraud on the court.

---

[1] General Laws c. 206, § 24, as amended through St. 1950, c. 413, provides in part that upon an application for the allowance of an account filed in the Probate Court in an intestate estate, notice of the filing shall be given to the heirs and "other persons who are or may be interested and who shall have filed with the accountant and the register of probate a request in writing for notice of proceedings on accounts."

As a result, he vacated the decree of May 19, 1989, allowing the first and final account and sua sponte removed the administratrix. He also appointed a new administrator and ordered the two heirs and the executrix of the third named in the petition for administration to repay the funds distributed to them to the newly-appointed administrator. From this judgment, the administratrix filed this appeal. We affirm.

1. *Revoking the allowance of the first and final account.* General Laws c. 206, § 24, provides in part: "After a final decree has been entered on any account hereunder it shall not be impeached except for fraud or manifest error." The administratrix contends that the failure to disclose the existence of alleged additional heirs at the time of the presentment of her first and final account for allowance did not constitute fraud on the court. We disagree. "A court may correct manifest error in a judgment or revoke a judgment in which fraud either induced the court to take jurisdiction which it did not have or deprived an interested person of his day in court." *Dowd* v. *Morin*, 18 Mass. App. Ct. 786, 790 (1984). See *O'Brien* v. *Dwight*, 363 Mass. 256, 285-289 (1973). The intentional failure to name known interested parties, *O'Sullivan* v. *Palmer*, 312 Mass. 240, 241 (1942), or the failure to disclose material facts, *Jose* v. *Lyman*, 316 Mass. 271, 280 (1944), which deprives an interested party of his day in court, constitutes fraud upon the court. See *O'Brien* v. *Dwight*, 363 Mass. at 285-289, and cases cited. Here, the administratrix and her attorney failed to disclose to the court the discovery of other potential heirs, which induced the court to allow the account without notice. In these circumstances, the judge did not err in revoking the decree allowing the first and final account. See *Buckingham* v. *Alden*, 315 Mass. 383, 387 (1944); *Meyer* v. *Meyer*, 326 Mass. 491, 493 (1950).

The administratrix also argues that the judgment should be reversed because the judge based his decision on legal grounds other than those stipulated by the parties to be at issue in this proceeding. We note that the court relied upon an argument advanced by the appellee in his motion for summary judgment. In any event, if there are no material issues of fact in dispute and a party is entitled to judgment as a matter of law, judgment can be entered even though the legal principles relied on by the court may differ from those presented to the court by the parties. See *Packish* v. *McMurtrie*, 697 F.2d 23, 25 n.1 (1st Cir. 1983); *Federal Deposit Ins. Corp.* v. *Grupo Girod Corp.*, 869 F.2d 15, 17 (1st Cir. 1989); 10A Wright & Miller, Federal Practice and Procedure § 2725, at 112 (2d ed. 1983).

2. *Removal of the administratrix.* The administratrix argues that the judge erred as matter of law in removing the administratrix sua sponte. A judge of the Probate and Family Court may remove an administratrix if she is found to be unworthy or unsuitable. G. L. c. 195, § 11. A judge has broad discretion in determining whether an administratrix is unsuitable. "Past maladministration of a comparable trust, bad character, misconduct, neglect of duty, or physical or mental incapacity, warrants a finding that

an executor or administrator is unsuitable. Such a finding may also be based upon the existence of an interest in conflict with his duty, or a mental attitude toward his duty or toward some person interested in the estate that creates reasonable doubt whether the executor or administrator will act honorably, intelligently, efficiently, promptly, fairly and dispassionately in his trust. It may also be based upon any other ground for believing that his continuance in office will be likely to render the execution of the will or the administration of the estate difficult, inefficient or unduly protracted. Actual dereliction in duty need not be shown." *Quincy Trust Co.* v. *Taylor*, 317 Mass. 195, 196-197 (1944). Where the administratrix withheld material information from the court which induced the court to act without knowledge that there might be other persons interested in the estate, the judge did not abuse his discretion in finding the administratrix unsuitable and exercising his judicial power sua sponte to remove her. *Id.* at 199.

3. *Appointment of a new administrator and order to the distributees to repay estate.* The administratrix challenges the judge's appointment of a new administrator of the estate and his order to the three distributees to repay the estate. We need not consider these arguments because the administratrix has no standing to raise them. Only those who are aggrieved by an "order, judgment, decree or denial of a probate court" may appeal to this court. G. L. c. 215, § 9. "Under that statute a person is aggrieved if some pecuniary interest or personal right of his has been adversely affected, or if some public or official duty has been restricted or impaired by such order, decree or denial." *McKay* v. *Audubon Soc., Inc.*, 318 Mass. 482, 484 (1945). Here, the administratrix had no pecuniary interest or personal right in the decree appointing her successor, *Hayden* v. *Keown*, 232 Mass. 259, 262 (1919), or in the order commanding the three distributees to repay the estate.

*Judgment affirmed.*

*Maria L. Sveikauskas* for Agnes Minkus-Whalen.
*Alan L. Lewis* for Milton S. Altshuler.