NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

22-P-1232                                              Appeals Court

IN THE MATTER OF THE ESTATE OF RONALD BIRKENFELD.

No. 22-P-1232.

Norfolk.      October 5, 2023. - December 27, 2023.

Present: Wolohojian, Desmond, & Sacks, JJ.

Uniform Probate Code. Executor and Administrator, Appointment. Probate Court, Standing. Statute, Construction. Collateral Estoppel. Judgment, Preclusive effect. Words, "Interested person."

Petition filed in the Norfolk Division of the Probate and Family Court Department on July 23, 2021.

A motion to dismiss was heard by Elaine M. Moriarty, J.

Mark E. Swirbalus for Bradley Birkenfeld.
Scott C. Ford for Pamela Birkenfeld.

WOLOHOJIAN, J. The central question in this case, which is one of first impression, is whether a person has standing to challenge the appointment of a personal representative of an estate simply by virtue of falling within the Massachusetts Uniform Probate Code's (MUPC) definition of "interested person." G. L. c. 190B, § 1-201 (24). We conclude that the MUPC's

definition of "interested person" does not displace the common-law requirement that a person have a legally cognizable interest in a probate estate to have standing to challenge the appointment of its personal representative. Because the objector in this case does not receive anything under the will, nor does he challenge the will's validity, he has no standing to object to the appointment of the personal representative even if he (the objector) is an "interested person" under the MUPC. We accordingly affirm the order dismissing the objector's petition and striking his objections.

Background. On October 25, 2007, Ronald Birkenfeld (Birkenfeld) executed a will giving his tangible personal property to his wife, Pamela Birkenfeld (Pamela), with the residue of his estate to pour over into a revocable trust (trust). Explicitly excluded from the will were Birkenfeld's three sons from a previous marriage and a daughter from another relationship. As to the sons, the will stated that they were excluded because adequate provisions had been made for them under the trust. As to the daughter, the will stated that her exclusion was deliberate, and not the product of inadvertence, mistake, or other error. The will named Pamela as executor, with a financial advisor named as successor. If neither Pamela nor the financial advisor were able to serve as executor, the

office was to be filled by a person nominated by a majority of the trustees of the trust.

The trust was structured to maximize the Federal estate tax marital exemption by dividing the trust res into two subtrusts: subtrust A was to receive the minimum amount that would wholly qualify for the exemption, and subtrust B was to receive the remainder. Pamela was to receive all of the income of subtrust A during her lifetime, as well as distributions from principal as the trustees determined in their uncontrolled discretion. Upon Pamela's death, the remaining accumulated and undistributed income of subtrust A was to go to Pamela's estate. The remaining principal of subtrust A, however, was to be distributed to Birkenfeld's three sons "in such amounts and proportions as" Pamela directed in her will. As to subtrust B, Pamela was to receive during her lifetime so much of the income and principal as the trustees determined in their uncontrolled discretion. The remaining principal and undistributed income of subtrust B was to be distributed upon Pamela's death to the three sons "in such amounts and proportions as" directed in her will.

The trust's initial trustees were Birkenfeld and Pamela. Pamela was to remain as a trustee after Birkenfeld's death, but

the trust required that, from then on, there always be a professional trustee as well.[1]

A little over thirteen years after executing the estate planning documents we have just described, Birkenfeld died on December 25, 2020. Birkenfeld's son Bradley immediately sued Pamela in the Superior Court, asserting fraud, unjust enrichment, and tortious interference with expectancy. The first two claims were based on a $500,000 gift Bradley made in 2012 to Birkenfeld and Pamela after Bradley received a whistleblower award of more than $100 million dollars from the Federal government. In essence, Bradley claimed that his gift was not used to pay off the mortgage on Birkenfeld and Pamela's home as Pamela had represented to Bradley that it would be. These claims were dismissed as time barred. Bradley's interference with expectancy claim was based on his allegation that Pamela interfered with his interest in the trust by diverting assets from Birkenfeld's estate. This claim was dismissed for lack of standing.

The dismissal of Bradley's Superior Court claims was affirmed on appeal. See Birkenfeld v. Birkenfeld, 102 Mass.

---

[1] Subject to the requirement that there be at least one professional trustee at all times after Birkenfeld's death, the trust allowed successor trustees to be appointed by the following persons, in this order: (a) Pamela, (b) the remaining trustee(s), and (c) a majority of beneficiaries then entitled to receive income or principal.

App. Ct. 1118 (2023). A panel of this court determined that Bradley lacked standing to pursue an interference with expectancy claim because he had no legally cognizable interest in the trust. Specifically, the panel explained that "[b]ecause Bradley can only receive income and principal from the trust (if any remains) upon Pamela's death and at her discretion, he has no viable claim that he had an expectancy in [Birkenfeld's] estate that he would have realized but for Pamela's interference." Id.

Meanwhile, in addition to the Superior Court litigation, Bradley opened a separate line of attack in the Probate and Family Court. Specifically, he filed a petition seeking formal proceedings to have his brother Douglas appointed as personal representative of Birkenfeld's estate instead of Pamela, who was named executor in the will.[2] It is important to note that Bradley did not challenge the validity of the will, nor did he contend that it was the product of undue influence. Bradley sought only to thwart Birkenfeld's desire that Pamela be personal representative of Birkenfeld's estate.

Pamela objected to Bradley's petition and filed a counterpetition in which she sought to be appointed personal

_____

[2] Bradley's petition sought not only the appointment of a personal representative, but also the admission of the will to probate. This combined procedure is specifically permitted under the MUPC. See G. L. c. 190B, § 3-414 comment.

representative as contemplated by the will.[3,4]  Bradley objected to Pamela's appointment.  Pamela then moved to strike Bradley's objections and to dismiss his petition.  Ultimately, a judge of the Probate and Family Court concluded that Bradley lacked standing to object to Pamela's appointment as personal representative of the estate.  The judge accordingly dismissed Bradley's petition and struck his objections.  The propriety of these rulings is now before us.

Discussion.  Bradley argues that the judge erred in concluding that he lacks standing to object to Pamela's appointment as personal representative.  He contends that, as an "interested person" as that term is defined in the MUPC,[5] he

---

[3] Pamela's petition also sought formal proceedings regarding the probate of the will, in addition to her appointment as the estate's personal representative.  See note 2, supra.

[4] A petition for formal proceedings concerning the appointment of a personal representative is to be brought pursuant to § 3-414 of the MUPC.  G. L. c. 190B, § 3-414.  Such a petition may be used, among other things, to seek adjudication "regarding the priority or qualification of one who is a petitioner for appointment as personal representative" or who has previously been so appointed in informal proceedings.  G. L. c. 190B, § 3-414 (a).

[5] The term "interested person" is defined to

"include[] heirs, devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claims against a trust estate or the estate of a decedent, ward, or protected person.  It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons.  The meaning as it relates to particular persons may vary from

automatically has standing to object to the appointment of a personal representative, regardless of whether he has any interest in the estate.  In the alternative, he argues that his interest as a contingent remainder beneficiary of the trust is sufficient to confer standing to object to the appointment of Pamela as personal representative of the estate.[6]

The question whether a person has standing to challenge the appointment of a personal representative is different from the

---

> time to time and shall be determined according to the
> particular purposes of, and matter involved in, any
> proceeding."

G. L. c. 190B, § 1-201 (24).  Bradley is an "interested person" both because he is one of Birkenfeld's children and, as such, is also one of Birkenfeld's "heirs" in that he would be entitled to inherit from Birkenfeld under the intestacy laws.  See G. L. c. 190B, § 1-201 (21) (defining "heirs"); G. L. c. 190B, §§ 2-102, 2-103 (intestacy laws).

[6] Bradley also argues that the judge erred in finding that Pamela is a suitable personal representative.  See G. L. c. 190B, § 3-203 (f).  Because we conclude that Bradley lacked standing to object to Pamela's appointment, he also does not have standing to appeal the judge's finding of suitability.  See G. L. c. 215, § 9; Altschuler v. Minkus-Whalen, 31 Mass. App. Ct. 937, 939 (1991).  However, we note that although the judge

> "of necessity retains a measure of discretion[,] . . . if
> it is determined that the person named by the testat[or] is
> suitable, the judge is obliged to appoint [her].  It should
> also be borne in mind that the testator is disposing of his
> own estate, and is entitled to have it administered by the
> person he selects.  Consequently, it requires a pretty
> strong objection to induce the court to refuse the
> appointment" (quotations and citations omitted).

Lindsey v. Ogden, 10 Mass. App. Ct. 142, 146 (1980).

question whether a person has standing to challenge the allowance of a will.  See Gay v. Richmond, 9 Mass. App. Ct. 334, 337 (1980).  Under § 3-401 of the MUPC, a formal testacy proceeding seeking to determine whether a decedent left a valid will "may be commenced by an interested person."  G. L. c. 190B, § 3-401.  By contrast, § 3-414 of the MUPC is silent as to who may bring a petition concerning appointment of a personal representative.[7]  Although § 3-414 states that notice of such

---

[7] Section 3-414 provides:

"Formal Proceedings Concerning Appointment of Personal Representative.

"(a) A formal proceeding for adjudication regarding the priority or qualification of one who is a petitioner for appointment as personal representative, or of one who previously has been appointed personal representative in informal proceedings, if an issue concerning the testacy of the decedent is or may be involved, is governed by [§] 3-402, as well as by this section.  In other cases, the petition shall contain or adopt the statements required by [§] 3-301 (a) (1) and describe the question relating to priority or qualification of the personal representative which is to be resolved.  If the proceeding precedes any appointment of a personal representative, it shall stay any pending informal appointment proceedings as well as any commenced thereafter.  If the proceeding is commenced after appointment, the previously appointed personal representative, after receipt of notice thereof, shall refrain from exercising any power of administration except as necessary to preserve the estate or unless the court orders otherwise.

"(b) After notice as prescribed in [§] 3-403 to interested persons, including all persons interested in the administration of the estate as successors under the applicable assumption concerning testacy, any previously appointed personal representative and any person having or

petitions must be given to "interested persons," it does not identify the class of persons who may bring such a petition.[8] Compare G. L. c. 190B, § 3-414 (b), and G. L. c. 190B, § 3-414 (a). In this sense, § 3-414 is similar to the pre-MUPC statute, G. L. c. 195, § 11, which also was silent as to who had standing to petition to remove, or to oppose the appointment of, a personal representative. See Clymer v. Mayo, 393 Mass. 754, 763 (1985).

In the absence of statutory language on the issue, our pre-MUPC case law imposed a common-law requirement that a person have "a legal interest in the decedent's estate, such as [that of] legatees and creditors," in order to have standing to petition to remove, or to oppose the appointment of, a personal representative. Clymer, 393 Mass. at 763. See Gay, 9 Mass. App. Ct. at 337. A cognizable legal interest in the estate is required because "[c]ourts are not established to enable parties to litigate matters in which they have no interest affecting

_____

claiming priority for appointment as personal representative, the court shall determine who is entitled to appointment under [§] 3-203, make a proper appointment and, if appropriate, terminate any prior appointment found to have been improper as provided in cases of removal under [§] 3-611."

[8] It is undisputed that all "interested persons" received notice of both Bradley's and Pamela's petitions.

their liberty, rights or property." Clymer, supra, quoting Hogarth-Swann v. Weed, 274 Mass. 125, 132 (1931).

The MUPC -- despite the breadth of its provisions -- "did not replace all common-law principles concerning the affairs of decedents." Cusack v. Clasby, 94 Mass. App. Ct. 756, 758 (2019). Instead, unless displaced by a particular provision, "the principles of law and equity" are to "supplement" the MUPC's provisions. G. L. c. 190B, § 1-103. Here, as we have already noted, the MUPC does not identify the class of persons entitled to challenge the appointment of a personal representative. Thus, it did not displace the common-law requirement of standing.

The question in this case thus becomes whether Bradley has sufficient legal interest in the estate subject to the will to have standing to challenge Pamela's appointment as personal representative. He does not. The will gives Birkenfeld's personal property to Pamela, with the residue of his estate to pour over to the trust. Bradley was explicitly excluded from receiving anything under the will, which he acknowledges as Birkenfeld's valid will. Nor is Bradley's contingent remainder interest in the trust sufficient to confer standing to challenge Pamela's appointment as personal representative of the estate. As was held in the appeal from the Superior Court action, "Bradley can only receive income and principal from the trust

(if any remains) upon Pamela's death and at her discretion" and thus has no expectancy in Birkenfeld's estate sufficient to confer standing.  Birkenfeld, 102 Mass. App. Ct. at 1118. Bradley is collaterally estopped from relitigating that issue here.  See Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988) (issue preclusion, also known as collateral estoppel, "prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies").  The issue of Bradley's interest in the trust was identical in the Superior Court action as it is here, the issue was essential to the prior adjudication, and it resulted in a final judgment adverse to Bradley, who was the plaintiff in that suit.  See Kobrin v. Board of Registration in Med., 444 Mass. 837, 843-844 (2005) (requirements of issue preclusion).

    Conclusion.  The order allowing the motion to dismiss Bradley's petition and to strike Bradley's affidavit of objections is affirmed.  Because Bradley lacks standing to appeal from the order appointing Pamela as personal representative of the estate, see note 6, supra, the result of our decision is to leave that order undisturbed.

                        So ordered.