NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-4

IN THE MATTER OF THE ESTATE OF JULIA ELISABETH RICE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A single justice of this court granted Catherine J. Cahners leave to file an interlocutory appeal of a Probate and Family Court judge's order.  That order allowed Susan H. Rice, sister of the decedent, Julia E. Rice, and special personal representative (SPR) of her estate, to waive the decedent's attorney-client privilege for purposes of the SPR's wrongful death action against Cahners and others on behalf of the estate.[1] We conclude that Cahners does not have standing to pursue this appeal, which must therefore be dismissed.  We note that if Cahners did have standing, we would affirm the order.

---

[1] Cahners also appealed from the order disqualifying a particular law firm from representing her.  See Tran v. Liberty Mut. Group, Inc., 490 Mass. 1001, 1001 n.2 (2022).  Cahners has made no arguments on that issue, so we affirm that order.

Background.  The underlying facts and claims need not be described in detail.  It suffices to say that the decedent had named Cahners, her decluttering contractor and later, friend, as cotrustee of the decedent's revocable trust.  The decedent also nominated Cahners to serve as personal representative to administer her estate.  Cahners is alleged to have assisted the decedent in taking her own life.

After the probate judge appointed the decedent's sister as SPR, the SPR filed a wrongful death action in Superior Court against Cahners and others.  Having reason to believe that the decedent's law firm might have information regarding the circumstances of her death, the SPR served a subpoena on the firm for documents relating to its representation of the decedent.  Cahners and the firm moved to quash the subpoena.  Before the Superior Court judge ruled on the motion to quash, the probate judge issued an extension of the SPR order but specified that "the [SPR] does not have the court's authority to waive the [d]ecedent's attorney client privilege."  The Superior Court judge then issued an order quashing the subpoena on the ground that, although an SPR may generally have authority to waive the privilege, in this case the probate judge had "specifically and unequivocally curtail[ed] [the SPR's] authority."

All defendants in the wrongful death action then moved for judgment on the pleadings; as relevant here, the Superior Court judge denied the motion as to Cahners individually. The SPR then moved to vacate the restriction barring her from waiving the decedent's attorney-client privilege. The probate judge allowed the motion, and this appeal by Cahners followed.

Discussion. The SPR asserts that Cahners lacks standing to pursue this appeal. We agree. "We treat standing as an issue of subject matter jurisdiction." Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998). "The issue of standing may be raised at any time." Matter of the Receivership of Harvard Pilgrim Health Care, Inc., 434 Mass. 51, 56 (2001). Only "[a] person aggrieved by an order . . . of a probate court" may appeal. G. L. c. 215, § 9. "Under that statute a person is aggrieved if some pecuniary interest or personal right of [theirs] has been adversely affected, or if some public or official duty has been restricted or impaired by [the probate court's] order, decree or denial." Altshuler v. Minkus-Whalen, 31 Mass. App. Ct. 937, 938 (1991), quoting McKay v. Audubon Soc'y, Inc., 318 Mass. 482, 484 (1945).

Cahners argues that as a trustee of the decedent's trust, she is an "interested person" pursuant to G. L. c. 190B, § 1-201 (24), and, as such, has standing to pursue this appeal. Section 1-201 (24) states that an interested person includes

3

those "having a property right in or claims against a trust estate or the estate of a decedent . . . .  It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons."  G. L. c. 190B, § 1-201 (24).  Cahners, however, does not address this court's decision in Estate of Birkenfeld, where we held that being an "interested person" under G. L. c. 190B, § 1-201 (24), entitles one to notice but does not displace the common-law requirements of standing.  Estate of Birkenfeld, 103 Mass. App. Ct. 628, 628 (2023).  In light of that decision, even if Cahners is an interested person under the statute, that is insufficient to confer standing to appeal.  Cahners must instead qualify as a "person aggrieved" under G. L. c. 215, § 9.

Cahners claims that as a trustee of the decedent's trust, she is a person aggrieved.  She contends that it is her appointed function as a trustee to execute the intent of the decedent by restricting the SPR's involvement in the decedent's estate.  Cahners claims she held the authority to waive the decedent's attorney-client privilege until the probate judge granted the SPR that authority.

General Laws c. 203E, § 816, describes the powers of trustees, most of which are directly related to the administration of trust assets.  We see nothing in § 816 granting a trustee broad power to execute the intent of a

4

decedent generally.[2]  Although generally a trustee may "prosecute or defend an action, claim or judicial proceeding . . . to protect trust property and the trustee in the performance of the trustee's duties," G. L. c. 203E, § 816 (24), Cahners is not doing so here.  Nor has she shown how the decedent's trust could be negatively affected by the SPR's wrongful death action.  If anything, the SPR's successful prosecution of that action could add assets to the estate, and thus potentially to the trust, from a beneficial settlement or an award of damages.  Additionally, the SPR has not depleted estate or trust assets by prosecuting that action, because she has funded it personally.  In short, Cahners has not shown how the SPR's prosecution of the wrongful death action confers standing on Cahners in her capacity as a trustee of the decedent's trust.

Nor does Cahners have standing as the personal representative of the estate.  Although the decedent nominated her as such, she was never appointed by the judge, see G. L. c. 190B, § 3-103, and so she has no powers or duties in that capacity.  Finally, Cahners's status as a defendant in the

---

[2] We recognize that "[a] trustee, without authorization by the court, may exercise . . . powers conferred by the terms of the trust," and certain additional powers "except as limited by the terms of the trust."  G. L. c. 203E, § 815.  But Cahners has not provided us with the decedent's trust documents and she makes no argument that the terms of the trust strengthen her claim to standing.

wrongful death action does not give her standing to contest the SPR's authority to waive the decedent's attorney-client privilege.  The waiver would have at most an indirect and speculative effect on Cahners's interest in that action, and such effects do not confer standing to appeal the order.  See Ginther, 427 Mass. at 323; Altshuler, 31 Mass. App. Ct. at 938.

We note, nonetheless, that were the appeal properly before us, we would affirm the order.  Generally, a decedent's attorney-client privilege may be waived by the personal representative of the decedent's estate.  See Matter of John Doe Grand Jury Investigation, 408 Mass. 480, 483 (1990).  Cahners does not contend that an SPR lacks such authority or cannot obtain it from the appointing court.  See generally G. L. c. 190B, §§ 3-617 (a), 3-715 (a) (22), 3-715 (b).  Nor was the probate judge barred from revisiting her previous ruling denying the SPR such authority.  "Though there is no duty to reconsider a case, an issue, or a question of fact or law, once decided, the power to do so remains in the court until final judgment or decree."  Salter v. Scott, 363 Mass. 396, 401-402 (1973), quoting Peterson v. Hopson, 306 Mass. 597, 601 (1940).  Finally, despite Cahners's unsupported assertion to the contrary, the probate judge, in deciding whether to allow waiver of the privilege, could reasonably consider the Superior Court judge's

6

ruling that the wrongful death action had at least sufficient merit to survive Cahners's motion for judgment on the pleadings.

Conclusion.  We dismiss the appeal from the order dated July 11, 2023, allowing the SPR to waive the decedent's attorney-client privilege.  We affirm the order dated July 11, 2023, disqualifying Cahners's then-counsel from representing her in the Probate and Family Court proceedings.  See note 1, supra.

So ordered.

By the Court (Sacks, Shin & Hershfang, JJ.[3]),

Clerk

Entered:  December 3, 2024.

---

[3] The panelists are listed in order of seniority.